**SPEARS et al. v. WOOD et al.**    (No. 7562.)

(Court of Civil Appeals of Texas. San Antonio. April 28, 1926. Rehearing Denied May 26, 1926.)

**1. Appeal and error ⚖══544(1).**

In absence of statement of facts, Court of Civil Appeals necessarily approves findings of fact.

**2. Venue ⚖══22(3)—Defendants, residents of other county than where suit was brought, are entitled to change of venue, where there was no privity of contract between them and defendant was joined merely to place venue.**

Where defendant, having no privity of contract with defendants who were residents of different county, was only joined in order to place venue in county of his residence, nonresidents are entitled to change of venue to their own county.

**3. Appearance ⚖══23 — Allegation by defendants, as part of plea of privilege, that suits against them and codefendant were separate, held not appearance and waiver of plea of privilege.**

Allegation by defendants, as part of plea of privilege, that suits against them and codefendant were separate and independent causes of action, held not to constitute appearance and waiver of plea of privilege.

Error from District Court, Dallas County; Louis Wilson, Judge.

Suit by W. T. Spears and others against M. L. Wood and wife and others. From an order sustaining a plea of privilege by M. L. Wood and wife to be sued in county of their residence, plaintiffs bring error. Affirmed.

John W. Pope and J. Lee Zumwalt, both of Dallas, for plaintiffs in error.
Locke & Locke and Ralph Randolph, all of Dallas, for defendants in error.

FLY, C. J. Plaintiffs in error, for brevity styled plaintiffs herein, instituted this suit against defendants in error M. L. Wood and wife, Sallie Wood, and C. G. Morgan, styled defendants herein, to recover $656.50 paid to defendants for rentals on certain lands and $15,000 damages for breach of a lease contract in which Wood and wife assigned to plaintiffs the oil, gas, and other minerals in a tract of 300 acres of land in Grimes county. Wood and wife pleaded their privilege

to be sued in Grimes county, which was sustained by the court, and the suit was ordered transferred to Grimes county in so far as it affected Wood and wife. From that order this writ of error was prosecuted.

[1] The court, upon the motion of plaintiffs, filed his conclusions of fact and law. In the absence of a statement of facts, we necessarily approve the findings of fact which show that the defendants M. L. Wood and Sallie Wood have never resided in Dallas county, but have at all times been residents of Grimes county, where the land is situated, concerning the leasing of which the suit arose. C. G. Morgan, a defendant, was at the time the suit was instituted a resident of Dallas county and still resides there.

[2] The cause of action attempted to be set up by plaintiffs was totally independent of the claim against Morgan, and he was neither a necessary nor proper party to the suit, and it seems that Morgan was only joined in the suit in order to place the venue in Dallas county. There is no privity of contract, shown in the pleadings or evidence, between Wood and wife and Morgan. The latter seems to have been the general manager of the Crown Petroleum Corporation, which assigned a lease made by defendants Wood and wife to one J. P. Clark to plaintiffs. Morgan, however, is sued in his individual capacity. Plaintiffs were never recognized as lessees by Wood and wife, but they refused to so recognize them. Wood and wife are entitled to the change of venue granted by the lower court.

[3] Wood and wife, as a part of their plea of privilege, alleged that the suits against them and Morgan were separate and independent causes of action, and plaintiffs claim that this was an appearance and waiver of plea of privilege by Wood and wife. There is no merit in the contention. Defendants had the right to show that plaintiffs had attempted to sue them away from their domicile by joining a party with them who was not concerned with the suit against them, nor were they in any way interested in the suit against him. There was in reality no cause of action alleged against Morgan in any capacity, but he was merely brought into the suit in order to deprive defendants of the privilege of being sued in the county of their residence. The law of venue cannot be destroyed or evaded in any such way. No cause of action is alleged against Morgan, and his joinder in the suit could not deprive defendants of their rights. Bingham v. Emanuel (Tex. Civ. App.) 228 S. W. 1015.

No cause of action for fraud is alleged in the petition, and under no part of the statute as to venue were defendants deprived of the privilege of being sued in the county of their domicile. If any fraud was committed, it was committed in Grimes county.

The judgment is affirmed.