## WOOD et ux. v. SPEARS.

### No. 9839.

Court of Civil Appeals of Texas. Galveston.

May 18, 1933.

Rehearing Denied June 15, 1933.

T. P. Buffington, of Navasota, for appellants.

John W. Pope, J. L. Zumwalt, and Cedric G. Hamlin, all of Dallas, for appellee.

GRAVES, Justice.

This litigation has become something of a "cause celebre," having thrice crossed the wire in both trial and appellate tribunals. It was first filed by the present appellees against the present appellants and C. G. Morgan in the district court of Dallas county; thence on the pleas of privilege by Wood and wife alone was transferred for trial against them only to the district court of Grimes county in a judgment by the Fourth Court of Civil Appeals, its opinion being reported in 284 S. W. 297, under the style Spears et al. v. Wood et al. Thereafter it first came to this court from a judgment

wherein the district court, to which it had been so sent on such pleas of privilege, had sustained demurrers to the cause of action the present appellees Spears had therein declared upon against the present appellants; being again reversed, it was remanded back to that court for trial on the merits, in an opinion by this court reported in 42 S.W.(2d) 87, under the style of Spears et al. v. Wood et al. It now comes back here for a second time on an appeal by Wood and wife from a judgment rendered on the merits below, pursuant to peremptory instruction, whereby the appellees were given a recovery against the appellants as for so much of their original cause of action as represented the present amount, with accrued interest, of the moneys they had theretofore paid the appellants, and which the latter had retained, under the 300-acre oil lease the Woods had executed February 25, 1918, upon land belonging to them in Grimes county, which lease the appellees alleged had, while still in force and effect, been regularly assigned to them by the Crown Petroleum Corporation. The total money judgment thus awarded the appellees was $968.74, which represented an aggregate principal sum of $604.20, with interest at the rate of 6 per cent. per annum upon $304.20 thereof from October 8, 1921, and on $75 thereof from November 25, 1921, on $75 thereof from February 23, 1922, on $75 thereof from May 22, 1922, and on $75 thereof from August 24, 1922.

In view of the two cited opinions on the prior appeals, it is deemed unnecessary to further here reiterate in detail more of the merits of the controversy as now at bar. Suffice it to say that, while the appellees this time in the trial court again undertook both to make C. G. Morgan an individual party defendant and to recover against appellants on a count for $15,000 alleged damages for being kept out of the possession and use of the leasehold, they effectually abandoned both these claims before reaching this court, since they never got Morgan into the court below, either through citation or answer, and withdrew their attempt to recover the damages, this procedure leaving nothing in the case except the appellees' claim for the return of the moneys alleged to have been by them paid to, as well as received and retained by, the appellants as rents upon the 300-acre leasehold, together with the resistance of the appellants to these money demands.

■ From the statement already made, it is clear that the judgment appealed from disposed of all the parties and the issues remaining before the court; the record conclusively showing that Morgan really passed out of the litigation when the San Antonio court, in the judgment cited supra, failed to transfer the cause as to him to Grimes county on a holding that he had not in fact ever been a proper or necessary party thereto. This, followed by the failure of the appellees here to again properly make him a party in the trial court, ended that matter.

■ Likewise, the appellees' cause of action on the $15,000 allegation for damages passed out of the case, not on any restrictive effect given it by this court's cited former judgment, which merely held that a good cause of action in the respects as formerly presented had been stated, but directly as a result of the appellees' having this time not pressed the damage claim.

As thus reduced to a question of whether or not the appellants were jointly and severally liable to the appellees for the amounts the latter had undisputedly paid out as rentals under the oil lease the former had likewise given on the 300-acre tract of land, the correctness of the judgment seems to us to depend upon whether or not it was shown that the appellants received and retained these sums thus paid for that purpose under circumstances showing that they knew, or were charged with knowledge of the fact, that they had been so paid by the appellees for the appellants' use and benefit and as rentals on the leasehold property; if they were so received and retained, that, under our authorities, would obligate the appellants to return them. Clemenger v. Flesher (Tex. Civ. App.) 185 S. W. 304, writ of error refused January 17, 1917. See, also, Stephenson v. Stitz (Tex. Civ. App.) 255 S. W. 812, Golden West Oil Co. No. 1 v. Golden Rod Oil Co. No. 1 (Tex. Civ. App.) 285 S. W. 631, White v. Bell (Tex. Civ. App.) 290 S. W. 849.

■ Presumptively at any rate, the trial court found the appellants had, or were charged with having, such knowledge, and the record supports that conclusion. The oil lease on the 300 acres they had jointly and severally executed as covering "all the property owned by either of us at this time in the said surveys" on February 25 of 1918, which designated the bank at Anderson as depository for all payments to be made to them thereunder, had been originally given to one J. P. Clark. He assigned it to Crown Petroleum Corporation, which in turn, on October 6 of 1921, duly assigned the same to the appellees herein, in consideration of their paying both the amount of that corporation's overdue $220 note to such lessors for prior rentals on the leasehold up to that date and "all lease-rentals on said 300 acres as they accrue from and after Nov. 25, 1921"; it being further agreed that, should the Woods refuse the money and declare a forfeiture of the lease, such consideration would be returned to appellees. Mr. Morgan, the general manager of the petroleum corporation, who acted for it in the entire

transaction, testified without contradiction that on the same date therewith he notified appellants of the same, including all its terms and conditions, and also the depository bank, to which he remitted enough funds to cover the $220 note and the rentals on the land up until November 25 of 1921, adding in that connection: "I notified Wood and wife that I had sent this money to the bank, and also that I had notified the bank what the same was for." In like manner the appellee Spears testified to having thereafter, as they became due, deposited in the same bank to the credit of the Woods the four $75 rental payments maturing on the several dates recited in the court's instruction, at the same time giving them notice thereof.

■ By the undisputed evidence, none of the moneys thus paid in to the designated depository for the account of appellants as rentals on this leasehold was ever returned to the appellees; it conclusively appearing on the other hand that ultimately they were either appropriated by, or remained in such bank subject to the order of, the appellants. In either contingency, we think, they were liable to the appellees for the restitution thereof, since knowledge (or such notice as legally amounted to the same thing) was given them of the entire transaction affecting these rents between the appellees and the Crown Corporation prior to their own retention of the moneys appellees so paid into their own depository as in satisfaction thereof; wherefore, even belatedly, perhaps, they in effect ratified and confirmed, the agency of the bank for them in having received and held the payments for their account.

■ The appellants defended upon the ground that they had canceled the lease involved against the Crown Corporation prior to the inception of the transaction between it and the appellees, in that connection denying that they had ever appropriated or received the moneys paid by the latter for rentals on the leasehold, and in maintenance of that position pleaded as res adjudicata of the controversy and offered in evidence a judgment obtained by them in the district court of Grimes county against the Crown Corporation on February 9 of 1922, declaring a forfeiture of the lease contract as between themselves and that corporation. The trial court excluded their original petition and, the judgment thereafter following in that cause, and the appellants complain of that action here.

The assignment is overruled upon the conclusion that those proceedings were immaterial to any issue in this cause, since the appellees had not been made parties to that suit and it had been instituted subsequent to their contract with the Crown Corporation affecting the lease, as well as after the assignment of it to them had been placed of record, of all of which matters the appellants then had notice. Talley v. Lamar County, 104 Tex. 295, 137 S. W. 1125.

■ Neither was there any error in holding Mrs. Wood jointly and severally liable with her husband; she knowingly participated just that way with him throughout these entire transactions and consequent proceedings, from the original execution of the lease in that manner, as stated supra, to the final receipt and retention of the money the appellees paid and caused to be paid into their joint account for rentals thereon, not even having pleaded her coverture in this suit. She could not, therefore, escape liability along with her husband, especially as she fully deputized him to act for her wherever she did not do so directly. Scott, Com'r, v. Brazile (Tex. Com. App.) 292 S. W. 185, 186; Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S. W. 694; Gohlman, Lester & Co. v. Whittle, 114 Tex. 548, 273 S. W. 808.

■ In the circumstances there was no error in permitting the witness Spears to testify that the depository bank had written a letter in response to demands upon it for the return of the four $75 rental deposits with it as follows: "The substance of the letter was that Mr. Wood had accepted the money that had been deposited by me and had withdrawn it and they were unable to comply with the request to return the money."

The predicate upon which the witness was thus allowed to testify to the contents of the bank's letter was that the loss of the original had been satisfactorily accounted for, and the witness had further sworn that he knew the contents thereof, and the letter having been shown to have come from the designated agent of appellants.

If there are other assignments properly presented than those discussed, they are overruled, since the conclusions stated, in our opinion, cover all that is essential to a proper disposition of the cause and require that the judgment entered below be affirmed; it will accordingly be so ordered.

Affirmed.