**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**FIRE INSURANCE EXCHANGE et al., Appellees.**

**No. 5324.**

Court of Civil Appeals of Texas, Waco.

April 18, 1974.

Rehearing Denied May 9, 1974.

Thompson, Coe, Cousins, Irons & Porter, Larry L. Gollaher, Robert B. Cousins, Jr., Dallas, for appellant.

Touchstone, Bernays & Johnson, Porter K. Johnston, Lancaster Smith, Dallas, for appellees.

HALL, Justice.

This is a venue matter.

Gene Burks, dba Burks Barn, initiated this lawsuit against appellees, Fire Insur-

ance Exchange and Carl Foote, in Rockwall County. He alleged that he is the insured under a fire policy issued by Fire Insurance Exchange, and that as the result of the destruction of his place of business and its contents by fire on December 24, 1971, he is entitled to benefits under the policy totaling $100,000. Alternatively, he pleaded for recovery of that amount from Foote in the event the property was not covered by fire insurance, asserting that Foote agreed to keep the property insured and that lack of such protection would have been caused by Foote's negligence.

Alleging circumstances which we need not recite, appellees impleaded appellant, seeking contribution or indemnity if Burks should recover from them. Appellant interposed a plea of privilege to be sued in Dallas County, the County of its residence. The plea was controverted by appellees. After a trial without a jury, judgment was rendered overruling the plea of privilege.

Among other grounds for maintaining venue in Rockwall County, appellees relied upon that portion of Subdivision 27 of Article 1995, Vernon's Ann.Civ.St., which provides that foreign corporations doing business within this State may be sued in any county where such company has an agency or representative. In its only point of error relating to this ground, appellant asserts that appellees failed to prove that appellant is a foreign corporation.

The record shows that, in response to requests for admissions under Rule 169, Vernon's Texas Rules of Civil Procedure, appellant admitted it is a foreign corporation. Appellant says the admission was not before the court because it was never read into evidence or otherwise called to the court's attention during the hearing. Without doubt, the better practice would have been to offer the admission into the factual record of the case. Nevertheless, the admission had been filed with the clerk and was a part of the record at the time of trial. It was properly considered. Pacific Finance Corp. v. Ramsey, (Tex.Civ.App., 1957, no writ hist.) 305 S.W.2d 297, 299. Moreover, in their controverting plea appellees alleged that appellant is a foreign corporation. This pleading has not been denied under oath. It is therefore deemed admitted. Rules 52 and 93(g), Vernon's Tex.Rules Civ.Proc.; Beckham Development Co. v. Bruce Clark & Assoc., (Tex.Civ.App., 1973, no writ hist.) 492 S.W.2d 287, 290.

The remaining grounds asserted by appellees to defeat the plea of privilege are not supported by the record.

The judgment is affirmed.