UNITED STATES FIRE INSURANCE COMPANY et al., Appellants,

v.

C. H. MOSELEY, Receiver of American Grain and Cattle, Inc., Appellee.

No. 15531.

Court of Civil Appeals of Texas, San Antonio.

Nov. 17, 1976.

Rehearing Denied June 1, 1977.

Larry L. Gollaher, Thompson, Coe, Cousins & Irons, Dallas, for appellants.

Pat Maloney, San Antonio, for appellee.

CADENA, Justice.

This is a plea of privilege case. Defendants, United States Fire Insurance Company, General Adjustment Bureau, Inc., and Highlands Insurance Company, appeal from an order of a district court of Bexar County overruling their pleas of privilege. The suit was filed by plaintiff, H. C. Moseley, in his capacity as operating receiver, appointed by a United States District Court in arrangement proceedings under Chapter XI of the Federal Bankruptcy Act (11 U.S.C. §§ 701–708), of American Grain and Cattle, Inc., an agricultural cooperative organized under the laws of the State of Texas.

In this opinion the following designations will be used: United States Fire Insurance Company will be identified as "U. S. Fire"; General Adjustment Bureau will be identified as "General"; Highlands Insurance Company will be identified as "Highlands"; H. C. Moseley will be identified as "Receiver"; and American Grain and Cattle, Inc. will be identified as "Debtor." Defendants, U. S. Fire, General, and Highlands will sometimes be referred to collectively as "appellants."

The Receiver was appointed on January 30, 1975. On February 5, 1975, Debtor, without joining Receiver and without seeking approval of the court in which the arrangement proceedings were pending, filed suit against appellants and two other defendants in a district court of Bexar County. The purpose of this suit was to recover actual and exemplary damages because of the refusal of appellants, in pursuance of what Debtor described as a conspiracy between appellants and the other two defendants, to pay to Debtor moneys allegedly due Debtor following the destruction by fire and explosion of buildings and their contents, owned by Debtor and insured against such loss.

Each appellant timely filed its plea of privilege on March 3, 1975. Debtor failed to file controverting affidavits in response to these pleas.

On March 4, 1975, Great American Life Insurance Company, one of the other defendants named in Debtor's suit, filed its motion to dismiss the suit, alleging that Debtor lacked capacity to prosecute such suit in its own name because, prior to the institution of such suit, H. C. Moseley had been appointed operating Receiver for Debtor in the Chapter XI arrangement proceedings. Apparently, the trial court has never ruled on this motion.

On March 21, 1975, the United States District Court, in which the Chapter XI proceedings are pending, entered an order on application of Debtor and Receiver. This order (1) authorized, nunc pro tunc, the retention of counsel for the purpose of instituting the proceedings described in the application of Debtor and Receiver, that is, the suit which had been previously filed by Debtor in Bexar County; (2) authorized, nunc pro tunc, the institution of such proceedings; and (3) authorized Debtor and Receiver to join as parties plaintiff in such Bexar County proceedings.

On March 24, 1975, appellants filed in the pending Bexar County litigation motions to transfer the case to Dallas County, where U. S. Fire and General maintain their principal offices, or to Harris County, the location of the principal office of Highlands. Appellants alleged they were entitled to such transfer because of Debtor's failure to controvert their pleas of privilege within the time prescribed by law.

On March 25, 1975, Debtor dismissed its suit against appellants. At the time of such dismissal, the trial court had taken no action on appellants' pleas of privilege nor on their motions to transfer the case. At the time the voluntary nonsuit was taken, Receiver had not been made a party to the proceedings, nor had he intervened or sought to intervene in such suit.

■ There can be no doubt that the venue issue must be considered to have been conclusively adjudicated adversely to Debtor as a result of his voluntary dismissal of

his suit while the plea of privilege was pending. *Tempelmeyer v. Blackburn,* 141 Tex. 600, 175 S.W.2d 222 (1943); *Helfer v. Texas Employers' Insurance Association,* 467 S.W.2d 687 (Tex.Civ.App.—San Antonio 1971, no writ); 1 MacDonald, Texas Civil Practice §§ 4.48, 4.62, pp. 592, 628 (1965 rev.). As between appellants and Debtor, then, the venue issue is deemed to have been conclusively decided in favor of appellants as a result of the prior proceedings. This rule has been described in terms of an application of the doctrine of res judicata.

The first question to be determined is whether appellants may, in this action, assert as against Receiver, the prior proceedings as conclusively determinative of the venue issue.

■ The parties agree that a question of law or issue of fact which has once been litigated and adjudicated in a court of competent jurisdiction cannot be relitigated in a subsequent suit between the same parties or those in privity with them. *Swilley v. McCain,* 374 S.W.2d 871, 874 (Tex.1964). However, there is disagreement as to whether the required identity of parties is present in this case in order to preclude the relitigation of the venue issue in this case by Receiver.

Receiver is a successor of the Debtor for many purposes. With certain exceptions not believed relevant here, clauses 5 and 6 of § 70 of the Federal Bankruptcy Act (11 U.S.C. § 110(a)(5, 6)) vest the Receiver with title to (1) contract actions to which the Debtor had title on the date the bankruptcy proceedings were filed and (2) all rights of action to which the bankrupt had title on the date the bankruptcy petition was filed and which the bankrupt could have transferred or creditors could have seized prior to such filing. These clauses undoubtedly gave Receiver title to Debtor's claims against the insurers for the amounts the insurers contracted to pay as indemnity. The clauses also vest in Receiver title to actions for those consequential damages that Debtor would have suffered if the insurers' failure to pay had not forced him into insolvency. But it appears that Re-

ceiver did not succeed to the Debtor's cause of action for damages resulting from the fact that Debtor was forced into bankruptcy. Although such damages may have stemmed from a wrong perpetrated before bankruptcy, such damages are not suffered until the bankruptcy petition is filed. *Reichert v. General Insurance Company of America,* 59 Cal.Rptr. 724, 428 P.2d 860, 867–68 (Cal.1967).

The petition in the suit filed by Debtor seeks to recover damages, allegedly flowing from the insurers' refusal to pay indemnity for lost profits, loss of members, loss of ability to buy grain, loss of ability to repair Debtor's property in time for the grain season, and losses resulting from the fact that Debtor was unable to handle its grain automatically and being forced to handle the grain manually. No mention is made of the fact of Debtor's bankruptcy, nor is it alleged that the bankruptcy itself had resulted in damage to Debtor.

Receiver's petition in this case seeks recovery for the same items of damage enumerated in Debtor's prior suit, with no mention being made of damages flowing from the fact that Debtor became bankrupt.

Title to the cause of action asserted in Debtor's original suit and in the subsequent suit by Receiver had vested in Debtor prior to the initiation of the Chapter XI proceedings. Therefore, title to that claim became vested in Receiver under § 70 prior to the time that Debtor filed his original suit on the claim which Receiver now seeks to enforce.

■ Receiver must be considered as the transferee of the particular chose in action by operation of law or judicial process. If Debtor had commenced his original suit prior to the time that title to the cause of action became vested in Receiver, the ordinary rules governing the application of the doctrine of res judicata would support the conclusion that Receiver, who succeeded to Debtor's interest after institution of the suit, would be bound by the result of Debtor's suit. Restatement, Judgments § 89

(1942). But here Debtor's interest in the cause of action had been transferred to Receiver prior to the time that Debtor instituted his suit. The situation is analogous to those cases where an assignor seeks to assert a right which he has previously assigned. The rule in such a situation is that the assignee, who acquired the assignor's interest prior to commencement of the assignor's suit, to which the assignee is not a party, is not bound by the judgment rendered against his assignor. *Wood v. Spears*, 62 S.W.2d 550 (Tex.Civ.App.—Galveston 1933, writ dism'd); 50 C.J.S. Judgments § 789, pp. 327–28.

■ We conclude that Receiver is not bound by the prior adjudication, in Debtor's suit, of the venue question.

We must, therefore, consider whether Receiver's suit is maintainable in Bexar County against the nonresident appellants.

■ Insofar as U. S. Fire and General are concerned, Receiver seeks to maintain venue in Bexar County under Tex.Rev.Civ. Stat.Ann., art. 1995, Subdivision 27 (1964) of the venue statute, which provides that a foreign corporation doing business in Texas is suable in any county where such corporation has an agency or representative. The only point concerning the applicability of Subdivision 27, which appellants present in their brief, is to the effect that the trial court erred in retaining venue in Bexar County because Receiver "failed to establish that" U. S. Fire and General are foreign corporations.

In his controverting affidavit, Receiver alleged that both U. S. Fire and General were foreign corporations. Since this allegation was not denied under oath, it is deemed admitted. *Insurance Co. of No. Am. v. Fire Insurance Exch.*, 508 S.W.2d 703 (Tex.Civ.App.—Waco 1974, no writ); Rules 52 and 93(g), Tex.R.Civ.P. Appellants raise no question concerning the existence of the other venue facts which must be established to make Subdivision 27 applicable. The trial court, therefore, correctly overruled the pleas of privilege filed by U. S. Fire and General.

■ As to Highlands, a Texas corporation, the trial court held that venue was maintainable in Bexar County under Subdivisions 23 and 29a.

Subdivision 23, insofar as here relevant, provides that a suit against a private corporation may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which plaintiff resided at the time the cause of action or part thereof arose, provided such corporation has an agency or representative in such county.

In its plea of privilege, Highlands asserts that it has its principal office in Harris County. There is nothing to indicate that Highlands has its principal office in Bexar County and, therefore, venue cannot be maintained in Bexar County on the theory that Highlands has its principal office there. *Greer v. Newton*, 245 S.W.2d 299 (Tex.Civ.App.—Eastland 1951, no writ). Since there is no contention that Receiver was a resident of Bexar County at the time that the cause of action arose, venue can be maintained in Bexar County only if the cause of action against Highlands, or a part thereof, arose in that County.

Under these circumstances, in order to maintain venue in Bexar County against Highlands, Receiver had the burden of establishing, by a preponderance of the evidence, all elements of a cause of action against Highlands. 1 MacDonald, Texas Civil Practice § 4.30.2 (1965 rev.). Receiver introduced no evidence tending to show the existence of such cause of action and, therefore, he cannot rely on Subdivision 23.

Subdivision 29a provides that when there are two or more defendants in a suit, and the suit is lawfully maintainable in the county where it is filed under the provisions of the statute as to any of such defendants, such suit may be maintained in such county against any and all necessary parties. No extended discussion of this provision is required. It is sufficient to note that a plaintiff who relies on Subdivision 29a to maintain venue in the county of suit against a

nonresident defendant must not only allege the facts which make such defendant a necessary party to the suit, "but must also prove by independent evidence all of such facts" except those which are deemed as admitted by the pleadings or which are established as a matter of law by the pleadings. *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758, 763–64 (1956). There is in the record no independent evidence tending to establish existence of facts which make Highlands a necessary party to the suit against U. S. Fire and General.

The trial court erred in overruling the plea of privilege filed by Highlands.

The next question to be determined concerns the order to be entered by this Court. There is no question that that portion of the trial court's order overruling the pleas of privilege filed by U. S. Fire and General must be affirmed, while that portion of the order retaining venue in Bexar County as to Highlands must be reversed. The sole question is as to whether judgment should here be rendered sustaining the plea of privilege filed by Highlands.

It is apparent from the record in this case that the question concerning the applicability of Subdivisions 23 and 29a was not fully explored. No evidence was introduced other than copies of the pleadings filed in the prior action and the orders of the United States District Court in the Chapter XI proceedings. As far as this evidence is concerned, appellants assumed the burden of going forward with the evidence. Clearly, the attention of all parties was focused on the question of res judicata.

It is well settled that where a case has not been fully developed, the judgment of the appellate court should be one of remand rather than rendition. This rule is applicable to orders sustaining or overruling pleas of privilege.

 · It is the general rule in civil cases that, when the Court of Civil Appeals reverses the judgments [sic] of the trial court for lack of evidence in support thereof, it will not render judgment unless it appears that the case in that respect has been fully developed. . . . It is now also the settled law of this state that appeals regarding interlocutory orders sustaining or overruling pleas of privilege are governed by the same rules that govern appeals in civil cases generally. If the Court of Civil Appeals determines that the judgment of the trial court is unsupported by the evidence, or that the evidence in support thereof is insufficient, its judgment should be one of remand and not one of rendition, unless it appears that the facts were fully developed at the trial appealed from.

·*Lanford v. Smith*, 128 Tex. 373, 99 S.W.2d 593, 594 (1936).

That portion of the judgment of the trial court overruling the pleas of privilege filed by appellants, United States Fire Insurance Company and General Adjustment Bureau, is affirmed. The portion of the trial court's judgment overruling the plea of privilege of appellant, Highlands Insurance Company, is reversed and the cause is remanded to the trial court for determination of the venue question as to Highlands Insurance Company only.

Two-thirds of the cost of this appeal are taxed against United States Fire Insurance Company and General Adjustment Bureau, Inc. The remaining one-third of such costs shall be paid by appellee, H. C. Moseley, Receiver of American Grain and Cattle, Inc.