E. W. CROSBY, Appellant,

v.

SAFEWAY STORES, INC., Appellee.

No. 8556.

Court of Civil Appeals of Texas, Texarkana.

June 6, 1978.

Rehearing Denied July 5, 1978.

Welby K. Parish, Parish & Smith, Gilmer, for appellant.

Allen Butler, Clark, West, Keller, Sanders & Butler, Dallas, for appellee.

ODEN, Justice.

The appeal is by the plaintiff, E. W. Crosby, from the order of the trial court sustaining the plea of privilege of the defendant, Safeway Stores, Inc. Findings of fact and conclusions of law were neither requested nor filed. The parties to the appeal will be referred to as "Crosby" and "Safeway," the appellant and appellee, respectively.

Crosby was injured when shoved to the grocery store floor by one of Safeway's employees. He brought suit in the District Court of Upshur County against Safeway and the general manager of its Upshur County store, Jack Walton, alleging that his injuries were proximately caused by their negligence. The "shoving" employee was not joined in the suit nor was the doctrine of respondeat superior urged. Safeway timely filed a plea of privilege which was duly controverted whereupon the court heard the evidence without the intervention of a jury and sustained Safeway's plea of privilege. Jack Walton did not file a plea of privilege.

■ Crosby's only meritorious point of error is that the trial court erred in sustaining Safeway's plea because the record compels a finding that Safeway was a foreign corporation with an "agency or representative" in Upshur County. Subdivision 27 of Article 1995, Tex.Rev.Civ.Stat.Ann., provides, inter alia, that a foreign corporation may be sued in any county where such company may have an "agency or representative." Under the part of Subdivision 27 here referred to, Crosby did not need to make proof of a cause of action at the venue hearing. *Commercial Insurance Co. of Newark, N.J. v. Adams*, 366 S.W.2d 801 (Tex.Civ.App. Houston), writ ref'd per curiam, 369 S.W.2d 927 (Tex.1963).

■ Crosby alleged that Safeway was a foreign corporation in its controverting affidavit. Since this allegation was not denied under oath, it is deemed admitted. *United States Fire Ins. Co. v. Moseley*, 551 S.W.2d 429 (Tex.Civ.App. San Antonio 1977, no writ); *Insurance Co. of North America v. Fire Insurance Exchange*, 508 S.W.2d 703 (Tex.Civ.App. Waco 1974, no writ); Tex.R. Civ.P. 52 and 93(g).

■ The only other venue fact which must be established to make Subdivision 27 applicable is that Safeway had an "agency or representative" in Upshur County as those terms are used in such subdivision. Jack Walton testified that he was general manager of the Safeway Store in Upshur County and had been employed in that capacity in excess of thirteen continuous years. He was responsible for Safeway employees. Subdivision 27 of Article 1995, Tex. Rev.Civ.Stat.Ann., refers to a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit or one in which a party possessing broad powers for the defendant resides in the county, the one instance being that of "agency" and the other of "representative." *Milligan v. Southern Express*, 151 Tex. 315, 250 S.W.2d 194 (1952); *Mobil Oil Corporation v. Smith*, 482 S.W.2d 398 (Tex.Civ.App. Waco 1972, no writ). It is not necessary for us to find whether or not Jack Walton possessed such broad powers so as to be a "representative" of Safeway because we can infer from his testimony that Safeway had an "agency" in Upshur County due to its actually conducting business therein in a regular and permanent form in excess of thirteen continuous years.

The judgment of the trial court sustaining Safeway's plea of privilege is reversed and judgment is here rendered that the plea of privilege be denied.