In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00507-CV
_____

IN RE COMMITMENT OF JAMES EDWARD SIMMONS

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 10-11-12725 CV

MEMORANDUM OPINION

The State of Texas filed a petition seeking the involuntary civil commitment of James Edward Simmons as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012) (SVP statute). A jury found that Simmons is a sexually violent predator, and the trial court rendered a final judgment and an order of civil commitment. Simmons appeals from the final judgment, challenging the legal and factual sufficiency of the evidence, the admission of evidence that relates to his prior offenses, and the constitutionality of

1

the SVP statue. Because Simmons has failed to demonstrate that he is entitled to relief on any of the issues that he has raised, we affirm the trial court's judgment.

The Statute

Under the SVP statute, the State bears the burden of proving beyond a reasonable doubt that the person it seeks to commit for treatment is a sexually violent predator. *Id.* § 841.062 (West 2010). As defined by the Legislature, a sexually violent predator is a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a) (West 2010). Under the statute, a "'[b]ehavioral abnormality'" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West Supp. 2012). Previously, we have explained that "[a] condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

## Sufficiency of the Evidence

In four issues, Simmons challenges the legal and factual sufficiency of the evidence supporting his civil commitment. According to Simmons, after being committed as a sexually violent predator, he violated the terms of his civil commitment order. Such a violation is another crime. *See* Tex. Health & Safety Code Ann. § 841.085 (West 2010) (violating a commitment order is a third-degree felony).

Simmons received a five-year sentence for violating the terms of his commitment order. Simmons argues that the fact he is now incarcerated for violating his commitment order is a factor that should be weighed in our evaluation of the legal and factual sufficiency issues that he raises in his civil commitment case.

However, neither the reporter's record nor the clerk's record from the proceedings that concern the case involving Simmons' violation of the civil commitment order are before us. "The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record." Tex. R. App. P. 34.1. In the case that is now before us, the appellate record consists of the proceedings that resulted in Simmons' civil commitment; the appellate record does not include records from the post-commitment criminal proceedings that Simmons mentions in

his brief. Generally, appellate courts may not consider matters that are outside the appellate record. *See Sabine Offshore Serv., Inc. v City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979); *In re D.J.R.*, 319 S.W.3d 759, 772 (Tex. App.—El Paso 2010, pet. denied) (op. on reh'g.) (citing *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex. App.—El Paso 1995, no writ)); *Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied).

Simmons' legal and factual sufficiency issues relate entirely to his argument that we should consider his subsequent criminal conviction in evaluating his legal and factual sufficiency issues that challenge the jury's findings in his civil commitment case. Simmons' legal and factual sufficiency arguments are not supported by the record that is before us in his civil commitment case. Because Simmons' legal and factual sufficiency challenges rely completely on a matter that is outside the record before us, he has failed to demonstrate that they have merit. We overrule Simmons' legal and factual sufficiency issues.

## Evidentiary Issues

Simmons' appeal also challenges the trial court's decision to admit various requests for admissions and testimony relating to his prior sexually-related offenses. According to Simmons, the unfair prejudice created by the admission of certain details about his prior sexual offenses outweighed the probative value of

that evidence. Simmons also asserts that the repeated admission of graphic details related to his prior sexual offenses is fundamental error that deprived him of his right to receive a fair trial.

We review a trial court's decision concerning the admissibility of evidence for an abuse of discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or if it acts arbitrarily and unreasonably. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549,558 (Tex. 1995); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We will reverse a judgment if an error by the trial court probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case on appeal. *See* Tex. R. App. P. 44.1(a).

Simmons complains that the trial court improperly allowed the State's forensic psychologist, Dr. Jason Dunham, to tell the jury about the graphic details of his prior offenses by relaying information from various records Dr. Dunham reviewed in forming his opinions. Simmons argues that these details were inadmissible hearsay, and that they were unfairly prejudicial under Rules 403 and 705(d) of the Texas Rules of Evidence. *See* Tex. R. Evid. 403, 705(d). When Simmons objected to Dr. Dunham's use of the details surrounding Simmons' prior

5

sexual offenses, the trial court overruled Simmons' objection and gave the jury a limiting instruction, explaining that "[s]uch evidence is admitted only for the purpose of showing the basis of the expert's opinion." *See* Tex. R. Evid. 705(d). Trial courts are given discretion to admit the underlying facts or data on which the expert has based an opinion. *See* Tex. R. Evid. 705(a); *Boswell v. Brazos Elec. Power Coop., Inc.*, 910 S.W.2d 593, 602 (Tex. App.—Fort Worth 1995, writ denied). Rule 705(d) provides:

> When the underlying facts or data would be inadmissible in evidence, the court shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial. If otherwise inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request.

Tex. R. Evid. 705(d).

On appeal, Simmons argues that despite the trial court's instruction that the evidence at issue be used "only for the purpose of showing the basis of the expert's opinion[,]" the jury accepted the evidence described by the expert as being the truth. However, there is nothing in the record showing that the jury disregarded the trial court's instruction. Citing *Williams v. Illinois*, 132 S.Ct. 2221, 183 L.Ed.2d 89 (2012), Simmons argues that this type of hearsay evidence "is not admissible for its truth." But, the trial court's instruction to the jury reflects that the trial court did

6

not admit the evidence at issue as being true. Instead, the trial court admitted the evidence at issue to explain the basis of Dr. Dunham's opinion.

Simmons did not ask the trial court to provide the jury with any additional instructions regarding the evidence at issue, and we presume the jury followed the trial court's instructions. *See In re Commitment of Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied). We conclude the trial court properly applied Rule 705(d) of the Texas Rules of Evidence by providing the jury with a limiting instruction. *See* Tex. R. Evid. 705(d).

Additionally, the trial court could have reasonably concluded that the evidence at issue would help the jury to understand how Dr. Dunham had formed the opinion that Simmons had a behavioral abnormality. Dr. Dunham explained the facts that he considered in forming his opinion, and he explained how those facts influenced his determination. Given the purpose for which the evidence at issue was admitted, the trial judge could also have reasonably concluded that the information Dr. Dunham disclosed concerning Simmons' prior sexual offenses was not unfairly prejudicial. *See In re Commitment of Ford*, No. 09-11-00425-CV, 2012 Tex. App. LEXIS 2221, at **4-5 (Tex. App.—Beaumont Mar. 22, 2012, no pet.) (mem. op.); *Day*, 342 S.W.3d at 199. Based on the record before us, and in light of the instruction the trial court provided the jury regarding expert testimony,

7

we hold the trial court acted within its discretion by admitting the testimony now at issue.

Simmons also complains that the trial court should have excluded Simmons' admissions, which contain graphic details of his prior offenses. On appeal, Simmons contends that the trial court admitted the State's requests for admissions without any limitation even though their probative value went only to explaining the basis of the expert's opinions.

During trial, the State requested to read Simmons' answers to the State's requests for admissions into the record. Simmons objected to the State reading the requests and Simmons' responses aloud, claiming, among other things, that the answers to the requests were cumulative and that reading the requests and responses would be unduly prejudicial. The State argued that Simmons' objection to reading the requests aloud was untimely and that the answers Simmons gave were not cumulative of Dr. Dunham's testimony. The trial court overruled Simmons' objections, and the State read the various requests and responses that Simmons had admitted as true to the jury.

Unless otherwise provided by the SVP statute, an SVP commitment proceeding is subject to the Texas Rules of Civil Procedure. *See* Tex. Health & Safety Code Ann. § 841.146(b). The applicable rule provides that a matter

8

admitted in response to Rule 198 requests for admissions "is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." Tex. R. Civ. P. 198.3. There is no conflict between the SVP statute and Rule 198. *See In re Commitment of Malone*, 336 S.W.3d 860, 862 (Tex. App.—Beaumont 2011, pet. denied). We have previously held that requests for admissions may be used appropriately in SVP cases. *See id.*; *see also* Tex. Health & Safety Code Ann. § 841.146(b). A trial court may allow the requests to be read in the factual record of the case. *See Ins. Co. of N. Am. v. Fire Ins. Exch.*, 508 S.W.2d 703, 704 (Tex. Civ. App.—Waco 1974, no writ); 6 William V. Dorsaneo III, *Texas Litigation Guide* § 96.01[2][b][ii] (2013). The requests that the State chose to read related to the various issues the jury was being asked to consider in deciding whether Simmons had a behavioral abnormality and whether he was likely to reoffend. Additionally, the trial court could have reasonably decided that reading the admissions would not be unduly prejudicial. *See Ford*, 2012 Tex. App. LEXIS 2221, at **3-5. We hold the trial court did not abuse its discretion by allowing the State to read the requests and responses at issue to the jury.

Simmons also argues that the repeated admission of the facts surrounding his prior offenses constitutes fundamental error and deprived him of a fair trial. *See*

9

*Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982) (stating that fundamental error exists when the record shows the trial court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas). SVP cases are civil proceedings. *See In re Commitment of Martinez*, 98 S.W.3d 373, 375 (Tex. App.—Beaumont 2003, pet. denied) ("Chapter 841 is a civil, not a criminal or quasi-criminal, statute."). Preserving a complaint that a trial court improperly admitted evidence for review on appeal requires the party contesting the admission of the evidence to timely object and to state the specific ground of objection, if the specific ground is not apparent from the context. Tex. R. Evid. 103(a)(1); *see also* Tex. R. App. P. 33.1(a)(1)(A).

During the trial, Simmons testified without objection about the details of his prior offenses. When asked about the details of his prior offenses, Simmons did not object that his testimony was cumulative of other evidence, was unduly repetitive, or that it was unfairly prejudicial. *See Volkswagen of Am., Inc. v. Ramirez,* 159 S.W.3d 897, 907 (Tex. 2004) ("[E]rror in the admission of testimony is deemed harmless and is waived if the objecting party subsequently permits the same or similar evidence to be introduced without objection."); *Breof BNK Tex., L.P., D.H. Hill Advisors, Inc.*, 370 S.W.3d 58, 67 (Tex. App.—Houston [14th Dist.] 2012, no

10

pet.) ("When an objection to evidence is properly made, the subsequent presentation of essentially the same evidence without objection waives any complaint regarding the admission of the evidence."). We conclude that Simmons failed to preserve his complaint regarding the repetitive nature of the evidence about his prior offenses. *See* Tex. R. App. P. 33.1(a).

We are not persuaded that the trial court abused its discretion by admitting evidence addressing Simmons' prior sexual offenses. We overrule Simmons' issues that contend the trial court abused its discretion by admitting such evidence.

## Constitutional Challenge

Simmons contends that the SVP statute is facially unconstitutional and that it violates his rights under the Fourteenth Amendment's due process clause. Simmons contends that in *In re Commitment of Bohannan*, 388 S.W.3d 296 (Tex. 2012), the Texas Supreme Court's interpretation of the statute permits a person's involuntary civil commitment solely on "'mere predisposition to violence.'"

We disagree with Simmons' reading of the Texas Supreme Court's decision in *Bohannan*. As we recently stated in *In re Commitment of Anderson*, "We do not read the *Bohannan* opinion as eliminating a statutory requirement, or as altering the proof required under the statute to find that a person is a sexually violent predator." *In re Commitment of Anderson*, 392 S.W.3d 878, 886 (Tex. App.—

11

Beaumont 2013, pet. denied). We overrule Simmons' issue that argues the SVP statute is unconstitutional. The trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 1, 2013
Opinion Delivered May 23, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.