**Hubert WRIGHT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40725.**

Court of Criminal Appeals of Texas.

Nov. 8, 1967.

Norman Kinne, Dallas, for appellant.

Henry Wade, Dist. Atty., Al Walvoord, John Stauffer, Kerry P. FitzGerald and William Mason, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for the unlawful possession of marihuana; the punishment, twenty-five years.

The facts necessary to a disposition of appellant's three grounds of error will be stated.

Officer E. S. Harris, of the city of Dallas police department, testified that on the night in question, while he was on patrol, an informer who had proven to be reliable motioned him to the curb and told him that a man, whom he described, was in a certain cafe seated at a table with a girl the officer knew and that the man had in his possession some marihuana. At such time, the informer gave the officer a homemade cigarette and stated that the man inside the cafe "has some of this grass."

Thereupon, the officer went to the cafe, where he saw the appellant sitting at a table with the girl. At such time, appellant was "slouched over" in a chair and "slumped over a can of beer." Officer Harris then walked to the table and told appellant to stand up. When appellant stood up "he appeared to be drunk and had a smell of alcohol or alcoholic beverage on his breath, and his clothes were disarranged * * *." The officer testified that he asked appellant to go outside and as they walked out he definitely decided that he was drunk. He then placed appellant under arrest for being drunk and disorderly in a public place.

Following the arrest, the officer proceeded to search appellant and in the search found in his right front pocket a Winston cigarette package containing thirteen homemade cigarettes.

Officer Harris testified that he took appellant to the city jail and charged him with being drunk and disorderly in a public place. He stated that he then placed the package and the cigarettes in an envelope and, after sealing it, dropped it in the locked box at the crime scene search section at the city hall.

It was shown by the evidence that the envelope and contents were received by Lieutenant Floyd Alexander at the police city county criminal investigation laboratory at Parkland Hospital on August 15, 1966. After opening the envelope and listing the

contents, Lieutenant Alexander delivered the envelope and cigarettes on the same day to Chemist Louie Anderson, the spectroscopist at the laboratory, for examination. Chemist Anderson took two of the cigarettes from the envelope, opened them up, and transferred some of the material to test tubes for a subsequent Duquenois test. Other portions of the material were transferred to microscopic slides for subsequent observation of the material and evaluation of $CO_2$ tests by Dr. Morton Mason, director of the laboratory. The test tubes and slides were kept in the laboratory until September 9, when Anderson took them to Dr. Mason for analysis. On such date, Anderson performed a Duquenois test in the presence of Dr. Mason, who then made a microscopic analysis. The test and analysis showed that the vegetable material in the cigarettes was marihuana, a narcotic drug.

By his first ground of error, appellant insists that his arrest and search were illegal and that the fruits thereof should not have been admitted in evidence.

■ We overrule the contention, as the evidence is sufficient to show that appellant's arrest, without a warrant, by the officer was for being drunk in a public place. Such an arrest and incident search were lawful. Rent v. State, 160 Tex.Cr.R. 326, 268 S.W.2d 674, and Johnson v. State, Tex. Cr.App., 397 S.W.2d 441.

■ In his ground of error #2, appellant insists that state's exhibits 1, 2, 3, 4, and 5 should not have been admitted in evidence, over his objection, because the state failed to prove a sufficient chain of custody of the exhibits from the time of his arrest to the time of trial.

The record reflects that only state's exhibits 2, 3, 4, and 5 were admitted in evidence before the jury. Exhibits 2, 3, and 4 consisted of the package of cigarettes allegedly taken from appellant at the time of his arrest, including the two cigarettes examined in the laboratory. Exhibit 5 was the envelope in which Officer Harris first placed the cigarettes. In his brief, appellant conceded that a proper chain of custody was shown from Officer Harris to the time the exhibits were delivered to Chemist Anderson but insists that the chain of custody was broken while the exhibits were in the custody of Anderson.

It is appellant's contention that the chain of custody was broken because the exhibits were shown to have been in the chemical laboratory for some three weeks before being taken to Dr. Mason, during a part of which time the exhibits were lying on top of the chemist's desk and the slides and test tubes were on top of a spectograph, and people were free to come and go in the laboratory.

We find no merit in the contention, as Chemist Anderson swore that the exhibits were in his possession during such time. There was no showing that the exhibits had been tampered with or changed in any manner. The fact that the exhibits were, during a part of the time, on Anderson's desk and the test tubes and slides on top of the spectograph in the laboratory did not render them inadmissible. Appellant's objection for such reason went to the weight rather than the admissibility of the evidence. The exhibits were sufficiently identified at the trial by the witnesses. The ground of error is overruled.

■ In his last ground of error, appellant insists that the court committed reversible error in failing to require disclosure of the name of the confidential informant in the case. Reliance is had upon the opinion by the Supreme Court of the United States in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, in support of the contention.

Recently, this court, in Acosta v. State, Tex.Cr.App., 403 S.W.2d 434, pointed out that under the opinion in the Roviaro case the name of the informer must be disclosed only in those cases where the informer " 'had taken a material part in bringing about the possession of certain drugs by the

accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly' committed the act." See, also, Bosley v. State, Tex.Cr.App., 414 S.W.2d 468.

Under such rule, the court did not err in refusing to require disclosure of the name of the informer, as there is no proof that the informer was responsible in any manner for appellant's possession of the marihuana or took a material part in his possession of the same. The ground of error is overruled.

The judgment is affirmed.