**Frances Ann BROWN, Appellant,**

v.

**Charles Maurice BROWN, Appellee.**

No. 1583.

Court of Civil Appeals of Texas, Corpus Christi.

April 30, 1980.

George W. Storter, Storter & Pena, Brownsville, for appellant.

Thomas G. Sharpe, Jr., Brownsville, for appellee.

## OPINION

NYE, Chief Justice.

This is a divorce action in which the only complaint upon appeal is the abuse of the trial court's discretion in refusing to grant appellant's second motion for continuance.

Charles Maurice Brown filed suit for divorce on the statutory grounds of discord and conflict of personalities, alleging that there was one child born as issue of the marriage and that there was community property which needed to be divided between the parties. The wife, Frances Ann Brown, filed a motion for disclosure of all of the community property interests and for the appointment of a Certified Public Accountant to conduct a full investigation into the finances of the family business property. The case was specially set by agreement for March 7, 1979. Shortly before the trial date, the wife filed a motion for continuance, contending, among other things, that the information from the CPA auditor had not been furnished to her. Such audit information was finally completed and furnished to the wife. Subsequently, at a pretrial hearing, a new trial date setting was agreed upon by the parties for April 27, 1979.

On the day of the subsequent trial setting, the wife filed a second motion for continuance by and through her attorney, contending that she was ill and confined to a hospital in Princeton, Illinois. In the attorney's affidavit, he stated that he believed it was necessary and material for her to testify concerning the events leading to the separation and divorce proceeding, the community property and funds, and to the custody and support of the minor child. The trial court overruled the motion for continuance and proceeded to trial. The court received evidence from the husband and evidence of the value of the community estate from the auditor, Mr. Jimmy Steele, whose appointment had been agreed to by the parties. The court, in granting the divorce, divided the community property,[1] awarded custody of the minor child to the wife, and ordered the husband-father to contribute $125.00 per week as child support

---

1. The court gave the wife as her separate property $30,000.00 in cash, a home in Illinois valued at $35,000.00, furniture and antiques valued at $40,000.00, a 1977 Ford station wagon, and $10,000.00 to be paid to her within 90 days of the judgment. The husband was given the business known as Marks and Rodriguez Delivery Service, a business known as C & D Trucking, and one 1965 Ford automobile. The certified public accountant evaluated the assets of the business at $61,000.00, including $36,609.00 in debts which the husband was to assume.

until the child reached the age of eighteen years.[2]

Rule 252, T.R.C.P., requires the party seeking a continuance to make an affidavit setting forth certain facts. If the ground of the motion is the want of testimony, the party applying for it must show, among other things, that the absent testimony is material, showing the materiality thereof, and if the continuance is because of the absence of a material witness (party), what is expected to be proved by such testimony.

The wife's motion for continuance did not comply with the requirements of this rule. The motion stated mostly conclusions and not material facts as required by the rule. Even in the wife's motion for new trial, she did not dispute (by affidavit) any of the facts testified about during the course of the trial. Nor did she complain of the division of property in a point of error on appeal. Nowhere does she challenge the correctness of evidence furnished by the auditor. She was awarded custody of the issue of the marriage. She makes no complaint of the child support (which was more than that granted to her pendente lite), or the arrangements for medical and hospitalization insurance granted to her by the trial court.

The matter of granting a continuance rests within the sound discretion of the trial judge and the order granting or denying the motion will not be disturbed unless there is a showing of an abuse of discretion. *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex.Sup. 1963); *Celanese Coating Co., Devoe Paint Div. v. Soliz*, 541 S.W.2d 243 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.); *Zamora v. Romero*, 581 S.W.2d 742 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.). The mere absence of a party to the litigation is not enough to entitle him to a continuance. It must be shown that his absence resulted in his prejudice. No such harm is shown in the record before us.

The appellant wife argues that the trial court prejudiced the appellant's right to a proper division of the property because the trial judge refused to allow extensive cross-examination of the husband as to the cause of the marital difficulties. The wife contends that, had she been permitted to develop the improprieties of her husband's conduct, she may have received a larger portion of the community estate. Once the trier of facts has determined that the statutory grounds for divorce have been met, it is discretionary on the trial judge's part to permit additional evidence in this regard. Sec. 3.01, Family Code, Insupportability. Sec. 3.63 of the Texas Family Code permits the trial court to divide the estate of the parties in the manner that the court deems just and right, having due regard for the rights of the parties and the children of the marriage. Evidence as to fault is discretionary.

We have reviewed the entire record and find that there is no showing on the part of the appellant wife that the trial court abused its discretion in the manner in which he divided the community property of the marriage. *Zaruba v. Zaruba*, 498 S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd).

The judgment of the trial court is affirmed.

---

2. In addition, the husband-father was required to maintain in force and effect a hospitalization and major medical insurance policy to cover medical costs and hospitalization until the minor child reached the age of eighteen years.