Vickie L. MANSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 8809.

Court of Civil Appeals of Texas, Texarkana.

Dec. 2, 1980.

Bruce L. Sternberg, Austin, for appellant.

Delmar L. Cain, Asst. Dist. Atty., Austin, for appellee.

CORNELIUS, Chief Justice.

Vickie Lynn Manson was arrested for possession of tetrahydrocannabinols in violation of the Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15. At the time of her arrest Ms. Manson was in possession of a 1977 Cadillac automobile which was registered as belonging to Gary Long. Pursuant to Sec. 5.03(a) of Article 4476–15, which provides for forfeiture of automobiles used for the transportation of controlled substances, the State filed proceedings for forfeiture of the vehicle. Long was cited by publication but did not answer or appear. Ms. Manson was served personally and answered and appeared at the trial. Trial was to the court which rendered judg-ment forfeiting the automobile to the State. Ms. Manson has appealed, assigning five points of error. All of the points of error complain of alleged defects or errors in the proceedings which affect only the rights of Mr. Long, the automobile's owner, and for that reason we agree with the State that Ms. Manson is not entitled to relief.

Section 5.05(i) of the statute provides that the person in possession of a vehicle subject to forfeiture shall be served with notice of and be made a party to the proceedings. Ms. Manson thus has standing to appeal an adverse decision against her, but she cannot obtain a reversal of the proceedings because of alleged errors therein unless she has been harmed by them, or has some property or personal right which has been affected by them. *Yett v. Cook*, 115 Tex. 205, 281 S.W. 837 (1926); *State v. Cherry*, 387 S.W.2d 149 (Tex.Civ.App. Dallas 1965, no writ); 3 Tex.Jur.2d Appeal & Error—Civil Cases § 180, pp. 582, 583. The points of error urge that (1) the citation by publication to Mr. Long was insufficient because it was based upon a defective affidavit, (2) the court erred in failing to appoint an attorney ad litem for Mr. Long, (3) the default judgment was entered without a statement of the evidence or specific findings of fact having been made, and (4) the judgment constitutes the taking of private property without due process of law. Nowhere in the pleadings[1] did Ms. Manson allege or contend that she had any interest in the vehicle, or that she had any right to the continued possession of it. Her only assertion of harm by reason of the judgment is that she might possibly be subjected to future liability to the owner for having lost possession of the vehicle. Such a remote chance of injury is not sufficient. The injury must be by the judgment; not merely in consequence of it. See *Royal Neighbors of American v. Fletcher*, 230 S.W. 476 (Tex.Civ.App. Amarillo 1921, no writ); 3 Tex.Jur.2d Appeal & Error—Civil Cases § 181, p. 583. The other alleged errors likewise do not affect Ms. Manson.

---

1. The record does not contain a statement of facts or findings of fact.

She could not have been harmed because of a defect in the citation to Mr. Long; she was personally cited and appeared at the trial. The failure to appoint an attorney ad litem or to file a statement of the evidence are also irrelevant. Those are required in default judgment cases, but there was no default judgment against her. And the point complaining that the forfeiture constituted a taking of property without due process of law is without merit. *United States v. One Ford Coupe Automobile*, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279 (1926).

For the reasons stated, the judgment of the trial court is affirmed.