ONE 1984 FORD, VIN # 1FABP43F7EZ116686, et al., Appellant,

v.

The STATE of Texas, State.

No. 2–85–044–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 31, 1985.

Henry, Hatcher, Grisham & Schiller, Jim J. Hatcher, Belvin R. Harris, Gainesville, for appellant.

Phil L. Adams, Dist. Atty., Gainesville, for the State.

Before FENDER, C.J., and ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a judgment of forfeiture of a sum of money and a 1984 Ford automobile. Cooke County filed a notice of intended forfeiture pursuant to the Controlled Substances Act, TEX.REV. CIV.STAT.ANN. art. 4476–15, sec. 5.03(a)(5) and (6) (Vernon Supp.1985). After a hearing before the trial court without a jury, the court entered judgment ordering forfeiture of the 1984 Ford, VIN # 1FABP43F7EZ116686 and $450.00 in U.S. currency. The trial court also entered findings of fact and conclusions of law.

We affirm.

Appellant, the owner of the vehicle in question, argues in five points of error that the trial court erred in: denying appellant's Motion for Continuance; admitting evidence without a proper chain of custody; holding the property was subject to forfeiture because there is no evidence or insufficient evidence to support the ruling; failing to hold appellant was entrapped; and holding the proceedings without proof appellee had complied with TEX.REV.CIV.STAT. ANN. art. 4476–15, sec. 5.05(k) (Vernon Supp.1985).

A brief recitation of the facts is essential. As part of an on-going narcotics investigation, Gainesville police officers paid an informant, Alan Dewey, to call Jack L. Copeland, (appellant), and set up a drug buy. There was testimony that there had been three other such drug buys involving Dewey and appellant. Officers accompanied the informant to his home where they set up video recording equipment and wired the informant for sound. Just before appellant arrived at the informant's house, the officers conducted a "pat down" of the informant to ensure he had no drugs or other contraband on his person. The officers also handed him $450.00 in cash which they had previously marked and photocopied.

Appellant pulled his 1984 Ford up in front of the informant's home. The informant went out to the car and got in, returning to his house after about one minute. The record does not contain any transcription of any conversation which may have occurred between the two. The informant handed the police officers thirty "pink" pills. Appellant drove away but was stopped, searched and arrested several blocks away. There were no drugs or narcotics found in his possession. He did have the $450.00 in marked money. Testimony at the hearing established that the pills analyzed by the Department of Public Safety Crime Laboratory were a controlled substance called Phenmetrazine.

Neither appellant nor the informant testified nor were present at the hearing. A videotape statement of the informant was viewed by the trial court, but it was not admitted into evidence and is not part of the record before us now.

TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.03(a)(1)–(6) (Vernon Supp.1985) is as follows:

(a) The following are subject to forfeiture as authorized by this subchapter:

(1) all controlled substances that are or have been manufactured, distributed, dispensed, delivered, acquired, obtained, or possessed in violation of this Act;

(2) all raw material, products, and equipment of any kind that are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substances in violation of this Act;

(3) all property that is used, or intended for use, as a container for property described in paragraph (1) or (2) of this subsection;

(4) all books, records, and research products and materials, including formu-

las, microfilm, tapes, and data that are used, or intended for use, in violation of this Act;

(5) any conveyance, including aircraft, vehicles, vessels, trailers, and railroad cars, that is used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of any property described in paragraph (1), (2), or (3) of this subsection, provided that no conveyance used by any other person shall be forfeited under this subchapter unless the owner or other person in charge of the conveyance is a consenting party or privy to an aggravated offense under this Act or an offense under Section 4.052 of this Act;

(6) all money, certificates of deposit, negotiable instruments, securities, stocks, bonds, businesses or business investments, contractual rights, real estate, personal property, or other things of value derived from the sale, manufacture, distribution, dispensation, delivery, or other commercial undertaking violative of this Act;

*Id.*

Appellant in his first point of error contends the trial court erred in overruling a Motion for Continuance. The day of the hearing, November 20, 1984, appellant's attorneys filed a Motion to Quash Subpoena requiring the presence of appellant and a Motion for Continuance based on appellant's ill health. Dr. William Powell, appellant's physician, testified that appellant was suffering from diabetes and cancer, was physically and mentally incapable of assisting his attorneys and it would be detrimental to appellant's condition to bring him to court to testify. Dr. Powell also testified appellant's condition was not expected to improve. The statement in appellant's brief that appellant in fact died on January 19, 1985 is not disputed by appellee and we shall assume it to be true. Appellant contends that since the trial court granted his Motion to Quash Subpoena, thus impliedly holding appellant was too ill to attend the hearing, it was error to deny his Motion for Continuance.

■ Granting or denying a motion for continuance is left to the discretion of the trial court. *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex.1963). An order denying continuance will not be overturned absent a showing of an abuse of discretion. *Id.* The absence of a party to litigation, standing alone, is not enough to entitle him to a continuance. *Brown v. Brown*, 599 S.W.2d 135, 137 (Tex.Civ.App.—Corpus Christi 1980, no writ). TEX.R.CIV.P. 252 which controls the procedure for obtaining a continuance states in part:

> The failure to obtain the deposition of any witness residing within 100 miles of the courthouse ... shall not be regarded as want of diligence ... unless by reason of age, infirmity, or sickness, or official duty, the witness will be unable to attend the court ...

*Id.*

■ The record contained ample evidence that appellant's attorneys knew of his ill health long before the hearing date, but made no effort to depose appellant at his home or anywhere else. *See A.E. Swift & Sons, Concrete Contractors, Inc. v. Sam Sanders, Inc.*, 405 S.W.2d 402, 403 (Tex.Civ.App.—Amarillo 1966, no writ). Additionally, the trial court offered to allow the introduction of a video deposition of appellant. One of the attorneys for appellant declined the offer, stating "He's not going to testify. I don't need to talk to him. I'm going to close."

Finding no abuse of discretion in refusing to grant the Motion for Continuance, we overrule appellant's first point of error.

Appellant contends in his second point of error that the trial court erred in admitting State's Exhibits 5 and 6 due to a failure to show a proper chain of custody. It is appellant's argument that the State failed to maintain and prove the chain of custody for the controlled substance and its container. Officer Ferrell testified he received 30 pink pills from the informant after the informant had given appellant $450.00. The

pills were placed in a dark colored pill bottle by Officer Ferrell. Ferrell testified that during the 2 or 3 days that elapsed before the drugs were mailed to the crime lab in Garland, the pills were kept either on Ferrell's person, locked in Ferrell's office or the evidence locker. He testified he prepared the package for mailing himself, and that the pills he mailed were the same ones he received from the informant. However, Ferrell also stated that since the pills were out of his sight while locked in the evidence locker he "wouldn't bet [his] life on it . . ." (that they were the same pills).

Appellant complains that 1) Officer Ferrell could not state exactly where the pills were kept from the time he acquired them until he mailed them; 2) the pills were placed in an evidence locker to which two other officers had access; 3) the evidence was not marked before being put in the locker; and 4) Officer Ferrell testified that the pills were pink whereas the lab chemist testified that they were orange.

■ We find that each of appellant's objections go to the weight rather than to the admissibility of the evidence. *See generally Bueno v. State*, 501 S.W.2d 339, 341 (Tex.Crim.App.1973).

Courts have held evidence to be admissible where the custodian failed to testify as to its whereabouts for two days; *see Deleon v. State*, 505 S.W.2d 288, 289 (Tex. Crim.App.1974) (objection to failure of officer to take the stand and testify as to location of evidence for two days that it was in his possession went to weight and not admissibility in absence of contention that evidence had been tampered with), and where it was kept in a place where others had access to it; *Witt v. State*, 475 S.W.2d 259, 261 (Tex.Crim.App.1971) (evidence in kitchen cabinet overnight where family had access); and *Wright v. State*, 420 S.W.2d 411, 413 (Tex.Crim.App.1967) (evidence left on detective's desk for three weeks).

■ All of appellant's contentions regarding chain of custody concern the possibility that the wrong evidence was mailed to the laboratory. Appellant does not, however, directly assert that the evidence has been tampered with. We find that there are other indicia of reliability which would allow the evidence to be admitted. Here, there was little or no evidence that the exhibits had been tampered with. *See generally Wright*, 420 S.W.2d at 413. The only evidence which might indicate that the pills were tampered with before they reached the lab is that the lab chemist testified that the pills she received were orange while Officer Ferrell testified that they were pink. However, Officer Ferrell also testified at trial, upon being shown the pills, that the pills were the same ones he mailed to the lab and that they appeared to be in the same condition as when he acquired them. *See Elliott v. State*, 450 S.W.2d 863, 864 (Tex.Crim.App.1970) (chain of custody properly proved where evidence left in police property room for several days upon testimony that evidence had been marked and sealed and that evidence appeared to be in same condition as when left). Furthermore, we find that the color of the pills and the number of tablets make the evidence fairly unique. This fact makes Officer Ferrell's in-court identification of them more reliable. *See Hammett v. State*, 578 S.W.2d 699, 708 (Tex.Crim. App.1979). In any case, an objection to less than positive identification of the evidence goes to its weight and not to its admissibility. *See Salinas v. State*, 507 S.W.2d 730, 731 (Tex.Crim.App.1974).

Appellant cites *Easley v. State*, 472 S.W.2d 128 (Tex.Crim.App.1971), contending that the facts in the instant case go "far beyond" the circumstances which required reversal in *Easley*. In that case, the evidence in question, marijuana, was mailed to the Department of Public Safety in Austin by mistake and then forwarded to the lab in Dallas. The chemist could not testify as to whether the package was opened in Austin and there was no evidence as to what happened to the evidence while it was in Austin. Further compounding the break in the chain of custody, the sheriff who had first acquired the evidence could not make a positive identification of the

marijuana. The facts in *Easley* differ from those of the instant case because in *Easley* there was a period when the evidence was clearly in the control of unknown persons. Further, there was no evidence that these persons had not opened the package containing the evidence. In the instant case, there is no evidence that the pills were actually in the custody of anyone other than those who testified that they had custody. Although there was a possibility that this occurred, this is not enough to make the evidence inadmissible. *See Witt*, 475 S.W.2d at 261; *Wright*, 420 S.W.2d at 413.

Looking at appellant's objections to the chain of custody cumulatively, this case seems to fall somewhere in between *Easley* and the other chain of custody cases cited in this opinion. In most of the cases cited, the problems with the chain of custody were not so numerous as in the instant case. The procedures involved in handling the pills and the methods of insuring that the proper chain of custody was maintained may not have been the best in form or practice. However, because each of appellant's complaints concerns whether the pills were mixed up or switched while in police custody, and because this contention is based on pure speculation, there being no direct evidence of tampering, *see Wright*, 420 S.W.2d at 261, we find that the pills were properly admitted and that such objections were properly considered as going to the weight given the evidence rather than to its admissibility. *See generally, Bueno*, 501 S.W.2d at 341. We further find that the facts of this case are not nearly so extreme as those in *Easley* because there is no affirmative evidence that the pills fell into the wrong hands. For these reasons, we overrule appellant's second point of error.

■ Appellant's third point of error asserts there was no evidence, or insufficient evidence, that appellant "sold, distributed, delivered, or conducted any commercial undertaking in violation of the Controlled Substances Act." Clearly, appellant's point of error is phrased so as to challenge the sufficiency of the evidence concerning the forfeiture of the money and not the vehicle since he did not challenge the court's finding concerning transportation. This point of error essentially tracks verbatim the requirements of sec. 5.03(a)(6), regarding what proof is needed for the State to forfeit money. The forfeiture statute establishes entirely different elements of proof necessary for forfeiture of a vehicle. Specifically, appellant's vehicle was subject to forfeiture pursuant to sec. 5.03(a)(5), if the State proved it was used to transport a controlled substance. *State of Texas v. One 1980 Pontiac VIN # 2D19SAP21357*, 695 S.W.2d 821, 823 (Tex.App.—Fort Worth, 1985). In this regard, the trial court, in its findings of fact and conclusions of law, held that the 1984 Ford automobile "was used to *transport* Phenmetrazine, a controlled substance as set forth in Section 5.03(a)(1) of the Texas Controlled Substance Act." [Emphasis ours.] Such an unchallenged finding regarding the vehicle, standing alone, is sufficient to support the forfeiture of the vehicle. *State of Texas v. One 1977 Oldsmobile VIN # 3M57R7R108795*, 696 S.W.2d 268 No. 2–84–224–CV (Tex.App.—Fort Worth, 1985); *see U.S. Pipeline v. Kinder*, 609 S.W.2d 837, 840 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). No appeal having been taken from such finding, appellant's third point of error is irrelevant as to the vehicle.

Appellant *has* challenged the trial court's findings relating to the $450.00. The court found that the $450.00 was "in the possession of [appellant] ... and that said money was derived from the sale, distribution or delivery of a controlled substance...."

■ Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r. e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, *First National Bank in Dallas v. Kinabrew*, 589

S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

■ In deciding a challenge to the legal sufficiency of the evidence (a "no evidence" point), we must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *See Stedman v. Georgetown Savings and Loan Ass'n*, 595 S.W.2d 486, 488 (Tex.1979). If there is any evidence of probative force to support the challenged finding, then it must be upheld. *Id.*

■ Where the factual sufficiency of the evidence to support a finding is challenged (an "insufficient evidence" point), we must consider all the evidence in support of and contrary to the challenged finding to determine if the finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *See In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951); *City of Lubbock v. South Plains Electric Cooperative, Inc.*, 593 S.W.2d 138, 143 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

■ There is no direct evidence that the money recovered from appellant derived from the sale, delivery or distribution of Phenmetrazine or other violation of the Controlled Substances Act. It is undisputed the officers could not see what went on in appellant's car between the informant and appellant. Although there was testimony that the informant was wired for sound during that time, nothing in the record reveals what conversations may have transpired. Appellant did not testify at the hearing, nor did the informant. Contrary to the State's assertions in its brief, the "electronic deposition" of the informant, apparently a video taped statement, may have been shown to the judge, but it was never admitted into evidence and is not before us now.

Since there is no direct evidence linking the money to the sale of controlled substances or to any other violation of the act, the State must present sufficient circumstantial evidence to meet its burden of proof by a preponderance of evidence. *See Henderson v. State*, 669 S.W.2d 385, 388 (Tex.App.—San Antonio 1984, no writ); TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.07(b) (Vernon Supp.1985).

In reviewing the evidence under the "no evidence" standard, we find the evidence sufficient to link the $450.00 to the sale or delivery of the Phenmetrazine. The informant was handed the marked money just prior to walking out to and entering appellant's car. After about one minute, he returned to his house and handed the officers thirty tablets of Phenmetrazine. Appellant was stopped moments after leaving the scene with all of the $450.00 of marked money in his possession. Based on the circumstances surrounding the recovery of the money and the Phenmetrazine, the trial court could have reasonably inferred that the money had been derived from the sale of a controlled substance. *See Valles v. State*, 646 S.W.2d 636, 638 (Tex.App.—Houston [1st Dist.] 1983, no writ). Further, this finding is not so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *See In re King's Estate*, 244 S.W.2d at 661–62. Appellant's third point of error is overruled.

Appellant alleges in point of error four that if there was a transfer of controlled substances, the proof in the record shows that he was entrapped. Appellant contends that he was entrapped because Detective Ferrell contacted the informant, Allen Dewey, for the purpose of paying Dewey to call appellant and "induce him into delivering some type of controlled substance."

■ The record before us does not show that the defense of entrapment was raised in the trial court. This defense is to be determined by the finder of fact, in this case the trial judge, and cannot be raised for the first time on appeal. *See generally*

*Robert v. State,* 613 S.W.2d 291, 293 (Tex. Crim.App.1981).

 Even if entrapment had been raised, the defense is not available to appellant concerning the forfeiture of the money for still another reason. The defense of entrapment is not available to one who denies that he committed the offense charged. *See Warren v. State,* 565 S.W.2d 931, 933 (Tex.Crim.App.1978); *Canales v. State,* 496 S.W.2d 614, 616 (Tex.Crim.App. 1973). It is appellant's contention, in his third point of error, that there was no evidence, or insufficient evidence, that appellant "sold, distributed, delivered, or conducted any commercial undertaking in violation of the Controlled Substances Act," which is a denial of the commission of the offense concerning the forfeiture of the money.[1]

We also note that it is unclear whether the defense of entrapment is available to appellant at all since this is a civil rather than a criminal case. *See generally Dotson v. Texas State Board of Medical Examiners,* 607 S.W.2d 36, 39 (Tex.Civ.App. —Fort Worth, 1980), *rev'd on other grounds,* 612 S.W.2d 921 (Tex.1981) (defense of entrapment not available in physician license suspension case because Board of Medical Examiners cannot "prosecute" under TEX.PENAL CODE ANN. sec. 8.06 (Vernon 1974)); *McInnis v. State,* 618 S.W.2d 389, 393–94 (Tex.Civ.App.—Beaumont, 1981, no writ).

For these reasons appellant's fourth point of error is overruled.

 Appellant's final point of error complains that the trial court erred in proceeding to hear evidence and render judgment in this cause since there was no evidence introduced that proper inquiry had been made to the Texas Department of Highways to determine who was the record owner of the vehicle and who held the lien or security interest in the vehicle. Such is a requirement of art. 4476–15, sec. 5.05(k). The State contended in its Notice of Seizure and Intended Forfeiture that appellant was the record owner of the vehicle and that, according to the inquiry made to the Highway Department, there were no record lien holders on the vehicle. Appellant admitted in his verified answer that he was indeed the record holder of the vehicle but denied the allegation that there were no record lien holders. An admission in a trial pleading is regarded as a judicial admission requiring no proof of the admitting fact. *Davis v. Quality Pest Control,* 641 S.W.2d 324, 329 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) Thus, no proof was required to establish that appellant was the title holder of the vehicle. As to the contention that the cause must be reversed because the State failed to prove there were no record lien holders, we hold appellant has no standing to raise such a complaint.

Section 5.05(k) of the Act was obviously designed to protect the interests of any lien holder who may have a recorded interest in a forfeited vehicle. Appellant, not being a lien holder, may not complain of alleged errors which concern potential lien holders. Appellant has not been harmed by any such alleged errors, nor have any personal nor property rights of appellant been shown which might be affected by alleged errors. *See Manson v. State,* 609 S.W.2d 855, 856 (Tex.Civ.App.—Texarkana 1980, no writ). Appellant's fifth point of error is overruled.

The judgment is affirmed.

---

1. Appellant did not challenge the sufficiency of the evidence concerning transportation, which involved the forfeiture of the vehicle.