Morrison v. Cogdell






COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-261-CV
 
E.W. MORRISON, III                                                               
APPELLANT
V.
DONNA COGDELL
                                                                  
APPELLEE
------------
FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
E.W. Morrison, III appeals from the trial court's judgment for Donna Cogdell.
In four issues, Morrison complains that the trial court improperly failed to
file findings of fact and conclusions of law; there is no evidence to support
the trial court's judgment because Cogdell's requests for admissions are not
part of the record; and the trial court abused its discretion by not setting
aside Morrison's deemed admissions to Cogdell's discovery requests or granting
Morrison's motion for continuance. We will affirm.
In his first issue, Morrison contends that the trial court improperly failed
to file findings of fact and conclusions of law. When findings and conclusions
are properly requested, the trial court has a mandatory duty to file them. Cherne
Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989). The trial
court's failure to comply with this duty is remedied, however, by the filing of
the requested findings and conclusions while the case is on appeal. See
Brooks v. Hous. Auth., 926 S.W.2d 316, 321 (Tex. App.--El Paso 1996, no
writ);Daughtrey v. Super Spray, Inc., 738 S.W.2d 785, 787 (Tex.
App.--Fort Worth 1987, no writ). In this case, the trial court has filed
findings of fact and conclusions of law in a supplemental clerk's record;
therefore, Morrison's complaint is moot. We overrule issue one.
In his second issue, Morrison asserts that there is no evidence to support
the trial court's judgment because Cogdell's requests for admissions, which
Morrison is deemed to have admitted, were not before the trial court and are not
part of the appellate record. Requests for admissions and responses are properly
before the court and may be considered as part of the record if they were
introduced into evidence or filed with the trial court clerk at the time of
trial. Welch v. Gammage, 545 S.W.2d 223, 226 (Tex. Civ. App.--Austin
1976, writ ref'd n.r.e.); Ins. Co. of N. Am. v. Fire Ins. Exch., 508
S.W.2d 703, 704 (Tex. Civ. App.--Waco 1974, no writ). Here, Cogdell's requests
for admissions were on file as exhibits to both Morrison's motion to withdraw
the admissions and Cogdell's motion to deem responses to the admissions, and
they are part of the appellate record. In addition, the trial court stated that
it had taken judicial notice of the contents of its file. We overrule Morrison's
second issue.
In his third issue, Morrison contends that the trial court abused its
discretion by not setting aside the deemed admissions. The trial court may
permit a party to withdraw deemed admissions if (1) the party shows good cause
for the withdrawal; and (2) the court finds that the party relying upon the
deemed admissions will not be unduly prejudiced and that presentation of the
merits will be served by permitting the withdrawal. Tex. R. Civ. P. 198.3.
"Good cause" is established when the evidence shows that the failure
to respond is accidental or the result of a mistake, rather than intentional or
the result of conscious indifference. Stelly v. Papania, 927 S.W.2d
620, 622 (Tex. 1996). The burden of establishing good cause is on the party
seeking to withdraw the admissions. In re Kellogg-Brown & Root, Inc.,
45 S.W.3d 772, 775 (Tex. App.--Tyler 2001, orig. proceeding). A trial court has
broad discretion to permit or deny the withdrawal of deemed admissions, and an
appellate court will not set aside the trial court's ruling unless it was
clearly an abuse of discretion. Stelly, 927 S.W.2d at 622.
The record shows that Cogdell served the requests for admissions on Morrison
in June 2001 via regular and certified mail. Although the post office's three
attempts to deliver the certified mail to Morrison were unsuccessful, the
regular mail to Morrison was not returned. Morrison asserts that his failure to
respond to the requests for admissions was accidental because he knew nothing
about them until October 18, 2001. He contends that he attempted to serve
responses to the requests for admissions on Cogdell on December 6, 2001 and
moved to withdraw the admissions within a reasonable time after learning of
their existence. Morrison did not, however, testify at the hearing on his motion
to withdraw, nor did he put on any other evidence to support his assertions
concerning his alleged lack of knowledge. Therefore, Morrison did not meet his
burden of establishing good cause, and the trial court did not abuse its
discretion by denying the motion to withdraw. We overrule Morrison's third
issue.
In his fourth issue, Morrison complains that the trial court abused its
discretion by denying his second motion for continuance.(2) 
Morrison contends the trial court's ruling greatly prejudiced him because it
prevented him from testifying at trial on his own behalf to offer a defense
against Cogdell's claims.
A motion for continuance cannot be granted except for sufficient cause
supported by affidavit, consent of the parties, or operation of law. Tex. R. Civ.
P. 251. Further, if the ground for continuance is the absence of a party
witness, the affidavit must state, among other things, the substance of the
absent party's testimony. Tex. R. Civ. P. 252; Hawthorne v. Guenther,
917 S.W.2d 924, 929 (Tex. App.--Beaumont 1996, writ denied). A trial court is
not required to grant a motion for continuance simply because a party is unable
to be present at trial. Hawthorne, 917 S.W.2d at 929; One 1984
Ford, VIN No. 1FABP43F7EZ116686 v. State, 698 S.W.2d 279, 282 (Tex.
App.--Fort Worth 1985, no writ).
Here, Morrison alleged in his motion for continuance, which he filed on the
eve of trial, that his poor health had been recently complicated by a back
injury and that he was unable to travel(3) or to
participate in a trial. The motion was not, however, supported by affidavit.
Instead, it was merely accompanied by a doctor's letter stating that Morrison
had severe lumbar disease and that recent severe back pain would prohibit him
from traveling for two or three weeks. The trial court noted that the record
contained several other letters from Morrison and doctors that also had
"repeated references to physical ailments and stress" and Morrison's
inability to afford or deal with legal problems. These letters were insufficient
to warrant a continuance. See Hawthorne, 917 S.W.2d at 930; Olivares
v. State, 693 S.W.2d 486, 490 (Tex. App.--San Antonio 1985, writ dism'd)
(both holding that, if party is unavailable due to illness, a doctor's affidavit
should be attached to motion for continuance). In addition, Morrison did not
state by affidavit what he expected to prove by his testimony. Accordingly, the
trial court did not abuse its discretion by denying the motion for continuance. See
Hawthorne, 917 S.W.2d at 930 (holding that trial court did not abuse its
discretion by denying motion for continuance where neither motion nor affidavit
set forth absent party's proposed testimony); One 1984 Ford, 698 S.W.2d
at 282 (holding that trial court did not abuse its discretion by denying
continuance where record showed that appellant's attorneys knew of his ill
health long before hearing date, but made no effort to depose him at home or
elsewhere). We overrule Morrison's fourth issue.
Having overruled all of Morrison's issues on appeal, we affirm the trial
court's judgment.
 
                                                                      
PER CURIAM
 
PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.
 
DELIVERED: June 26, 2003

1. See Tex. R. App. P. 47.4.
2. The document is entitled "Defendant's Third Motion
for Continuance," but the parties agree that it was only a second motion
because a previous second motion for continuance had been withdrawn.
3. Morrison lived in Arizona.