Morrison v. Cogdell

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-261-CV

E.W. MORRISON, III APPELLANT

V.

DONNA COGDELL APPELLEE

------------

FROM THE 367
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

E.W. Morrison, III appeals from the trial court’s judgment for Donna Cogdell.  In four issues, Morrison complains that the trial court improperly failed to file findings of fact and conclusions of law; there is no evidence to support the trial court’s judgment because Cogdell’s requests for admissions are not part of the record; and the trial court abused its discretion by not setting aside Morrison’s deemed admissions to Cogdell’s discovery requests or granting Morrison’s motion for continuance.  We will affirm.

In his first issue, Morrison contends that the trial court improperly failed to file findings of fact and conclusions of law.  When findings and conclusions are properly requested, the trial court has a mandatory duty to file them.  
Cherne Indus., Inc. v. Magallanes,
 763 S.W.2d 768, 772 (Tex. 1989).  The trial court’s failure to comply with this duty is remedied, however, by the filing of the requested findings and conclusions while the case is on appeal.  
See Brooks v. Hous. Auth.,
 926 S.W.2d 316, 321 (Tex. App.—El Paso 1996, no writ); 
Daughtrey v. Super Spray, Inc.,
 738 S.W.2d 785, 787 (Tex. App.—Fort Worth 1987, no writ).  In this case, the trial court has filed findings of fact and conclusions of law in a supplemental clerk’s record; therefore, Morrison’s complaint is moot.  We overrule issue one.

In his second issue, Morrison asserts that there is no evidence to support the trial court’s judgment because Cogdell’s requests for admissions, which Morrison is deemed to have admitted, were not before the trial court and are not part of the appellate record.  Requests for admissions and responses are properly before the court and may be considered as part of the record if they were introduced into evidence or filed with the trial court clerk at the time of trial.  
Welch v. Gammage,
 545 S.W.2d 223, 226 (Tex. Civ. App.—Austin 1976, writ ref’d n.r.e.); 
Ins. Co. of N. Am. v. Fire Ins. Exch.,
 508 S.W.2d 703, 704 (Tex. Civ. App.—Waco 1974, no writ).  Here, Cogdell’s requests for admissions were on file as exhibits to both Morrison’s motion to withdraw the admissions and Cogdell’s motion to deem responses to the admissions, and they are part of the appellate record.  
In addition, the trial court stated that it had taken judicial notice of the contents of its file.  We overrule Morrison’s second issue.

In his third issue, Morrison contends that the trial court abused its discretion by not setting aside the deemed admissions.  The trial court may permit a party to withdraw deemed admissions if (1) the party shows good cause for the withdrawal; and (2) the court finds that the party relying upon the deemed admissions will not be unduly prejudiced and that presentation of the merits will be served by permitting the withdrawal.  
Tex. R. Civ. P. 
198.3.  “Good cause” is established when the evidence shows that the failure to respond is accidental or the result of a mistake, rather than intentional or the result of conscious indifference.  
Stelly v. Papania,
 927 S.W.2d 620, 622 (Tex. 1996).  The burden of establishing good cause is on the party seeking to withdraw the admissions.  
In re Kellogg-Brown & Root, Inc.,
 45 S.W.3d 772, 775 (Tex. App.—Tyler 2001, orig. proceeding).  A trial court has broad discretion to permit or deny the withdrawal of deemed admissions, and an appellate court will not set aside the trial court’s ruling unless it was clearly an abuse of discretion.  
Stelly,
 927 S.W.2d at 622.

The record shows that Cogdell served the requests for admissions on Morrison in June 2001 via regular and certified mail.  Although the post office’s three attempts to deliver the certified mail to Morrison were unsuccessful, the regular mail to Morrison was not returned.  
Morrison asserts that his failure to respond to the requests for admissions was accidental because he knew nothing about them until October 18, 2001.  He contends that he attempted to serve responses to the requests for admissions on Cogdell on December 6, 2001 and moved to withdraw the admissions within a reasonable time after learning of their existence.  Morrison did not, however, testify at the hearing on his motion to withdraw, nor did he put on any other evidence to support his assertions concerning his alleged lack of knowledge.  Therefore, Morrison did not meet his burden of establishing good cause, and the trial court did not abuse its discretion by denying the motion to withdraw.  We overrule Morrison’s third issue.

In his fourth issue, Morrison complains that the trial court abused its discretion by denying his second motion for continuance.
(footnote: 2)  Morrison contends the trial court’s ruling greatly prejudiced him because it prevented him from testifying at trial on his own behalf to offer a defense against Cogdell’s claims.

A motion for continuance cannot be granted except for sufficient cause supported by affidavit, consent of the parties, or operation of law.  
Tex. R. Civ. P. 
251.  Further, if the ground for continuance is the absence of a party witness, the affidavit must state, among other things, the substance of the absent party’s testimony.  
Tex. R. Civ. P. 
252; 
Hawthorne v. Guenther,
 917 S.W.2d 924, 929 (Tex. App.—Beaumont 1996, writ denied).  A trial court is not required to grant a motion for continuance simply because a party is unable to be present at trial.  
Hawthorne,
 917 S.W.2d at 929; 
One 1984 Ford, VIN No. 1FABP43F7EZ116686 v. State,
 698 S.W.2d 279, 282 (Tex. App.—Fort Worth 1985, no writ).

Here, Morrison alleged in his motion for continuance, which he filed on the eve of trial, that his poor health had been recently complicated by a back injury and that he was unable to travel
(footnote: 3) or to participate in a trial.  The motion was not, however, supported by affidavit.  Instead, it was merely accompanied by a doctor’s letter stating that Morrison had severe lumbar disease and that recent severe back pain would prohibit him from traveling for two or three weeks.  
The trial court noted that the record contained several other letters from Morrison and doctors that also had “repeated references to physical ailments and stress” and Morrison’s inability to afford or deal with legal problems.  These letters were insufficient to warrant a continuance.  
See Hawthorne,
 917 S.W.2d at 930; 
Olivares v. State,
 693 S.W.2d 486, 490 (Tex. App.—San Antonio 1985, writ dism’d) (both holding that, if party is unavailable due to illness, a doctor’s 
affidavit
 should be attached to motion for continuance).  In addition, Morrison did not state by affidavit what he expected to prove by his testimony.  Accordingly, the trial court did not abuse its discretion by denying the motion for continuance.  
See Hawthorne,
 917 S.W.2d at 930 (holding that trial court did not abuse its discretion by denying motion for continuance where neither motion nor affidavit set forth absent party’s proposed testimony); 
One 1984 Ford,
 698 S.W.2d at 282 (holding that trial court did not abuse its discretion by denying continuance where record showed that appellant’s attorneys knew of his ill health long before hearing date, but made no effort to depose him at home or elsewhere).  We overrule Morrison’s fourth issue.

Having overruled all of Morrison’s issues on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED: June 26, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The document is entitled “Defendant’s Third Motion for Continuance,” but the parties agree that it was only a second motion because a previous second motion for continuance had been withdrawn.  

3:
Morrison lived in Arizona.