Affirmed and Opinion filed July 10, 2003









Affirmed and Opinion filed July 10, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01100-CR

____________

 

RICHARD
BAGGETT III, Appellant

 

V.

 

THE
STATE OF TEXAS, Appellee

 



 

On Appeal from the
179th District Court

Harris County, Texas

Trial Court Cause
No. 499,779

 



 

O P I N I O N

After a jury trial in
which appellant was convicted for the felony offense of aggravated sexual
assault, appellant Richard Baggett, III, filed a motion for post-conviction DNA
testing under Chapter 64 of the Texas Code of Criminal Procedure.  See Tex.
Crim. Proc. Code Ann. art. 64.01 (Vernon Supp. 2002).  The trial court granted appellant=s request; however, the
test results were “inconclusive.” Based on this outcome, the trial court signed
findings of fact and conclusions of law that determined the DNA test results
were “not favorable” to appellant.  See
id. at art. 64.04.  In one point of
error, appellant challenges that finding. 
We affirm.








FACTUAL AND PROCEDURAL
HISTORY

A jury found appellant
guilty of sexual assault of a former girlfriend, D.F.  Evidence at trial showed appellant persuaded
D.F. to go on a “reconciliation” date on March 12, 1988, after months of
discord.  During the date, appellant got
upset, abandoned D.F., and told her “you=re
dead tonight, bitch.” Appellant later returned, apologized, and escorted D.F.
home. 

According to D.F.’s testimony at trial, after appellant escorted D.F.
home, he told  D.F. he would “show” her
why he had said she would be dead that evening. 
He beat her with his fists until she passed out.  She awoke to find her blouse had been removed
and that appellant was stabbing her.  She
passed out a second time.

D.F. testified that when
she awoke, she was in a park with appellant ordering her to lie down.  Appellant then allegedly raped her while
holding a cocked handgun to her head. 
Following this attack, appellant took D.F. to a hospital where she
received treatment for 47 stab wounds.  A
bloody blouse and bra, as well as a gun, were found inside appellant=s car.

Charged with aggravated
sexual assault, appellant was found guilty by a jury and punishment was
assessed by the trial court at 50 years in the Texas Department of Criminal
Justice Institutional Division.  On
October 19, 1989, this court affirmed appellant’s direct appeal.  See Baggett v. State, No.
C14-89-00165-CR, 1989 WL 122450 (Tex. App.CHouston [14th Dist.] Oct. 19, 1989, no pet.)
(not designated for publication).

In 2002, appellant filed
a motion for post-conviction DNA testing of a vaginal smear taken from
D.F.  See Tex. Crim. Proc. Code Ann. art. 64.01 (Vernon Supp.
2002).  Although the trial court granted
appellant’s motion, test results from the smear detected only an “inconclusive
male pattern.”  Based on this outcome,
the trial court made a finding that the test results were “not favorable” to
appellant and denied appellant further relief under Chapter 64.  See id. at art. 64.04.  Appellant takes this appeal from that
finding. 








DISCUSSION

In his sole point of
error, appellant complains that the trial court erred in finding appellant’s
DNA test results were “not favorable.” 
Because appellant’s identity was at issue, he argues, “inconclusive” DNA
results constitute exculpatory evidence that helps prove his innocence;
therefore, the trial court should have found the results to be “favorable.”  We disagree.

Standard of Review

Although a standard of
review has not yet been identified for challenges to a trial court’s finding
under article 64.04 of the Texas Code of Criminal Procedure, a standard of
review has been established for trial court decisions regarding DNA
testing under article 64.03.  See Tex. Crim. Proc. Code Ann. art.
64.03(a)(2)(A) (Vernon Supp. 2002). The pertinent language of article 64.04 is
almost identical to the language provided in article 64.03; thus, we apply this
standard.

Appellate courts have
reviewed a trial court=s
decision to deny DNA testing under article 64.03 using the bifurcated Guzman
standard: (1) almost total deference is afforded to the trial court=s determination of
historical fact issues and the application-of-law-to-fact issues that turn on
credibility or demeanor; while (2) the court reviews de novo other
application-of-law-to-fact issues.  Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002), citing Guzman v. State, 955
S.W.2d 85, 89 (Tex.
Crim. App. 1997).  “Although there
may be subsidiary fact issues that are reviewed deferentially, the ultimate
question of whether a reasonable probability exists that exculpatory DNA tests
would prove innocence is an application of law to fact question that does not
turn on credibility and demeanor and is therefore reviewed de novo.” Rivera,
89 S.W.3d at 59.

Article 64.04








If a trial court orders
post-conviction DNA testing under the Texas Code of Criminal Procedure, it has
an obligation to determine whether the results obtained are “favorable to the
convicted person.”  Tex. Code Crim. Proc. Ann. art. 64.04
(Vernon Supp. 2002).  Results are “favorable”
if, had the results been available before or during the trial of the offense,
it is “reasonably probable that the person would not have been prosecuted or
convicted.” Id.  Although the
phrase, “reasonably probable that the person would not have been prosecuted or
convicted,” has not yet been construed as it pertains to article 64.04, it has
been construed as it pertains to article 64.03. 
See Tex. Crim. Proc. Code
Ann. art. 64.03(a)(2)(A); Kutzner v.
State, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002). 


In interpreting article
64.03, courts have held the requirement that appellant establish by a
preponderance of the evidence that a “reasonable probability exists that
[appellant] would not have been prosecuted or convicted”  mean an appellant must show a reasonable
probability that exculpatory DNA tests would Aprove
[his] innocence.” Id. at 438B39;
Rivera, 89 S.W.3d at 59.  See
also Torres v. State, CS.W.3dC, 2003 WL 1090634, at *1 (Tex. App.CHouston [1st Dist.]
Mar. 13, 2003, no pet. h.); Thompson v. State, 95 S.W.3d 469, 472 (Tex. App.CHouston [1st Dist.]
2002, pet. filed).  See also Schlup v. Delo, 513 U.S. 298,
327, 115 S. Ct. 851, 867 (1995) (to show innocence, an appellant must show Ait is more likely than
not that no reasonable juror” would have convicted appellant in light of the
new evidence).  

A “easonable
probability”of innocence exists when there is a “robability sufficient to undermine confidence in the
outcome.” Strickland, 104 S. Ct. at 2068; Thompson v. State, 9
S.W.3d 808, 812 (Tex.
Crim. App. 1999).  A “easonable probability”of
innocence does not exist if there is sufficient evidence, other than the
evidence in question, to establish guilt. 
Rivera, 89 S.W.3d at 60 (no reasonable probability of innocence
where absence of victim’ DNA under appellant’s fingernails was outweighed by
appellant’s confession; “w]hile the presence of . . .
DNA . . . could indicate guilt, the absence . . . would not indicate innocence”;
Thompson, 95 S.W.3d 469, 472 (Tex. App.CHouston [1st Dist.] 2002, pet. filed) (no
reasonable probability of innocence where weapon failed to contain complainant’s
blood because such evidence could be outweighed by other competent evidence).








Thus, a trial court does
not err by finding DNA test results “not favorable” if the post-conviction
results fail to demonstrate a reasonable probability of innocence and there was
sufficient evidence, other than the evidence in question, to establish guilt. 

Analysis

Appellant=s post-conviction DNA
test was conducted on a vaginal smear taken from complainant after her
assault.  The test detected an “inconclusive
male pattern.”  We find that such a
result does not establish a reasonable probability of innocence.  See e.g. Kutzner,
75 S.W.3d at 439 (no reasonable probability of innocence where test results Amerely muddy the waters@); Ex parte McGinn, 54 S.W.3d 324, 325 (Tex. Crim. App.
2000)(J. McCormick, concurring) (inconclusive DNA analysis of pubic hair and
semen establishes only that appellant is Anot
excluded as a possible donor@);
Rivera, 89 S.W.3d at 560 (no reasonable probability of innocence where
there is an absence of DNA under an appellant=s
fingernails and a negative result from a victim=s
rape kit).[1]








First, it is arguable
that appellant=s
“inconclusive” results would not have been admissible at trial.  See e.g. State v. Woodall, 385 S.E.2d
253, 260 (W. Va. 1989) (finding inconclusive DNA results inadmissible at trial
because, when “no print was obtained, any claim that the test tends to
exculpate the defendant would only confuse the jury”).  See also Schlup,
513 U.S. at 323, 115 S. Ct. at 865 (a claim of actual innocence requires Anew reliable evidenceCwhether it be exculpatory
scientific evidence, trustworthy eyewitness accounts, or critical
physical evidence) (emphasis added). 
Only “relevant” evidence is admissible at trial.  Tex.
R. Evid. 402 (Vernon Supp. 2002). 
“Relevant evidence” is defined as evidence having “any tendency to make
the existence of any fact that is of consequence to the determination of the
action more probable or less probable than it would be without the evidence.”  Id. at 401.  Here, the evidence is “inconclusive”; thus,
it does not make “more or less probable” the fact that appellant was the source
of male pattern DNA found in D.F.

Next, appellant=s identity was not at
issue at trial.  Although appellant now claims
his identity was at issue,[2] he actually admitted during trial
that he was with D.F. the night in question and that he believed he stabbed
D.F. during the time he was with her. What he has denied doing is sexually
assaulting her.  

The issue at trial, therefore, was not whether appellant was
the perpetrator of the crimes committed against D.F., but rather whether
the crimes he perpetrated included rape.[3] 








The evidence strongly supports a conclusion that there was
a sexual assault.  Indeed, in
addition to D.F.’s first-hand testimony that
appellant raped her, there was appellant’s own testimony that he was at
the scene, that he physically fought with D.F., and that, although he “did not
remember stabbing” D.F., he assumed he stabbed her.  Additionally, there was evidence showing semen
was present inside D.F.’s vaginal vault, articles of
clothing were removed from D.F.’s body, and appellant
possessed a gun that corroborated D.F.’s rape
scenario.[4]  From this evidence, a rational jury could
conclude appellant raped D.F. and either lied about it, or did not remember
doing it.

Because there was
sufficient evidence other than the DNA evidence in question to establish
appellant=s
guilt, we cannot conclude there was a “reasonable probability” of his
innocence.  See Rivera, 89 S.W.3d
at 60 (no reasonable probability of innocence where appellant’s confession
outweighed the absence of victim’s DNA under appellant’s fingernails).  Indeed, even if appellant’s “inconclusive” DNA
results had been found to supply an exculpatory inference of no sexual assault,
such an inference would not have outweighed the other evidence of appellant’s
guilt.  See Thompson, 95 S.W.3d at
472 (“even if DNA testing proved . . . the box cutter did not contain
complainant’s blood or any blood at all, it would not prove appellant’s
innocence [because it] . . . would not conclusively outweigh . . . other
evidence of appellant’s guilt”).  

Because we cannot conclude there was a “reasonable
probability” that appellant was innocent of the sexual assault of D.F., we find
the trial court did not err when it made its 




finding that the results were “not favorable” to
appellant.  Accordingly, we overrule
appellant’s sole point of error and affirm the trial court=s judgment.

 

 

 

/s/        John S. Anderson

Justice

 

 

 

Judgment rendered and Opinion filed July 10, 2003.

Panel consists of Justices Anderson, Seymore, and Guzman.

PublishCTex. R. App. P. 47.2(b).











[1]  See also Murry v. State, 2000 WL 218097, at *3 (Tex. App.CDallas 2000, pet. ref’d) (not designated for
publication) (“Whether the inconclusive probes [of a proffered DNA analysis]
would have cleared appellant or further reinforced the DNA match is unknowable
and mere speculation.”); Rogers v. State, 1999 WL 93274, at *1 (Tex.
App.CHouston [14th Dist.] 1999, pet. ref’d) (not designated
for publication) (finding that where DNA test showed “no result” or was “inconclusive,”
evidence “[did] not conclusively establish appellant as the killer,” but rather
only was “consistent with his being the killer”).

Courts in other jurisdictions have come to
similar conclusions.  See Satcher v. Pruett, 126 F.3d 561, 571 (4th
Cir. 1997) (finding denial of appellant=s actual
innocence claims appropriate where DNA evidence was inconclusive and did not
show someone else to be the source of the DNA sample taken from the crime
scene); O’Dell v. Netherland, 95 F. 3d 1214,
1246B53 (4th Cir. 1996) (rejecting appellant=s actual innocence claim based on new DNA evidence
arguably showing state=s test to be inconclusive); State v. Jennings,
608 N.W.2d 436, 2000 WL App. 32 (Wis. App. 1999) (not designated for
publication) (finding inconclusive DNA results “did not exclude or include”
appellant as the perpetrator, thus, appellant was not exculpated).  But compare Com. v. Hawk,709 A.2d 373
(Pa. 1998) (holding that, where rape kit showed lack of presence of semen and
pubic hair on victim, inconclusive evidence was relevant to issue of whether
sexual intercourse had occurred and therefore should have been admitted at
trial).





[2]  In his brief,
appellant states he filed an affidavit with his original motion asking for
post-conviction DNA testing, alleging that his identity was an issue at
trial.  That position was re-asserted by
counsel in appellant=s subsequently-filed motion.  Because the record does not contain a copy of
either the original motion or the attached affidavit, we are unable to confirm
this assertion.





[3]  The reason
would appear to be related to punishment. 
While the punishment for aggravated sexual assaultCa first degree felonyCincludes
five to 99 years of confinement, the punishment for aggravated assault, sexual
assault, and attempted murderCall second degree feloniesCincludes imprisonment of only two to 20 years.  See Tex.
Pen. Code Ann. '' 12.32, 12.33, 22.011, 22.02, and 15.01(d) (Vernon
1994).





[4]  When the trial
court ruled on the results of appellant’s post-conviction DNA testing, it
enumerated these facts in its findings of fact numbered 2, 4, 5 and 7.  Appellant has not challenged these findings;
indeed, he states “[t]he facts necessary to rule in this case are limited to
those contained in the Findings of Fact signed by the judge.”  Thus, these findings carry the same weight as
a jury finding.  See One 1984 Ford v.
State, 698 S.W.2d 279, 284 (Tex. App.CFort
Worth 1985, no pet.) (findings of fact entered in a case tried to the court are
of the same force and dignity as jury=s
verdict upon special issues).