MEMORANDUM OPINION

No. 04-05-00153-CV

IN THE INTEREST OF M.M.

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-PA-02165
Honorable Rebecca Simmons, Judge Presiding




 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Alma L. López, Chief Justice
Sarah B. Duncan, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   November 16, 2005

AFFIRMED

            Appellants, Maria Galvan and Daniel Lopez, appeal from the trial court’s termination of their
parental rights. 
Maria Galvan’s Appeal
            Galvan is the mother of the minor child, M.M. Galvan’s court-appointed attorney filed a
brief containing a professional evaluation of the record and demonstrating there are no arguable
grounds to be advanced. Counsel concludes that the appeal is without merit. The brief meets the
requirements of Anders v. California, 386 U.S. 738 (1967). See In re R.R., No. 04-03-00096-CV,
2003 WL 21157944, at * 4 (Tex. App.—San Antonio May 21, 2003, no pet.) (applying Anders
procedure in appeal from termination of parental rights).
            Galvan filed a pro se brief in which she first asserts the trial court erred in proceeding to trial
in her absence and that her attorney did not render effective assistance of counsel. The termination
hearing was set for 9:00 a.m., but due to the absence of Lopez’s counsel, was not heard until 11:00
a.m. Galvan did not appear at any time between 9:00 a.m. and 11:00 a.m. At 11:00 a.m., her attorney
announced “not ready,” and stated he had informed Galvan of the trial date, he expected her to be
present, and he could “only imagine something beyond her control prevented her from being here
today.” Nevertheless, the trial court proceeded with the hearing. In her brief, Galvan contends her
attorney told her “to go home [sic] that the court was gonna terminate [her] right’s and their [sic]
wasn’t anything [counsel] could [do to] help me.” Nothing in the record supports Galvan’s
contentions. See In re. M.S., 115 S.W.3d 534, 544-45 (Tex. 2003) (adopting Strickland v.
Washington test as the standard for ineffective assistance in civil parental-termination proceedings);
see also Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (silent record will not
support ineffective assistance claim). Therefore, we conclude the trial court did not abuse its
discretion in denying a continuance and proceeding with trial. Brown v. Brown, 599 S.W.2d 135,
137 (Tex. Civ. App.—Corpus Christi 1980, no writ) (absence of a party, by itself, is not sufficient
to entitle one to a continuance). 
            Galvan also challenges the sufficiency of the evidence to support termination of her parental
rights. The evidence established that Galvan failed to complete her family service plan; failed to
maintain a safe home; either failed to submit to drug tests or submitted to drug tests that resulted in
positive results; failed to attend individual counseling; and failed to maintain employment. The
evidence also established that, in June 2004, two caseworkers arrived at Galvan’s home to find M.M.
in the care of an adult male who did not know who Galvan was until they gave him her name and
then he recognized the name, Galvan was able to identify the man only by his first name and she had
known him for only two weeks. The caseworker and M.M.’s foster mother both testified they
believed termination was in M.M’s best interest. We conclude this evidence is sufficient to support
the trial court’s termination order. See Tex. Fam. Code Ann. §161.001(1)(F), (O), (2) (Vernon
2002). 
            After reviewing the record, we agree that Galvan’s appeal is frivolous and without merit. We
grant counsel’s motion to withdraw. Nichols v. State, 954 S.W.2d 83, 86 (Tex. App.—San Antonio
1997, no pet.); Bruns v. State, 924 S.W.2d 176, 177 n. 1 (Tex. App.—San Antonio 1996, no pet.).
Daniel Lopez’s Appeal
            Lopez first complains of the trial court’s proceeding to trial in the absence of his attorney. 
The hearing was set for 9:00 a.m., at which time counsel apparently notified the court he was in
another courtroom on an unrelated matter. At 11:00 a.m., the cause was called to trial, counsel was
still absent, and the trial court proceeded with the hearing. On appeal, Lopez contends counsel was
unable to develop certain facts that would contradict the grounds upon which the trial court
terminated his parental rights. However, at the new trial hearing, counsel did not assert that the
denial of a continuance prevented him from presenting any evidence that would have changed the
result of the trial. Instead, counsel challenged the sufficiency of the evidence actually offered at trial. 
We conclude the court did not err in continuing with the trial when Lopez’s attorney failed to appear
two hours after trial was set to begin and did not otherwise communicate with the court regarding
his continued delay. See Tex. R. Civ. P. 253 (absence of counsel not grounds for a continuance
except at trial court’s discretion upon good cause shown or matters within judge’s knowledge to be
stated on the record). 
            Lopez next challenges the sufficiency of the evidence to support termination of his parental
rights. Lopez is M.M.’s alleged biological father. Lopez, who lives in Arizona and has never visited
with M.M. in Texas, was not married to Galvan when she gave birth to M.M. and there is no
evidence in the record that she was married to another individual. The rights of an alleged father
may be terminated if “after being served with citation, he does not respond by timely filing an
admission of paternity or a counterclaim for paternity under [Family Code] Chapter 160 ....” Tex.
Fam. Code Ann. §161.002(b)(1). Although Lopez was served with citation, he did not respond by
filing an admission of paternity, a counterclaim for paternity, or for voluntary paternity to be
adjudicated under chapter 160.
            Also, the evidence established that a service plan had been developed for Lopez and sent to
his Arizona address; however, he did not complete some of the requirements of the plan. The
caseworker testified Lopez is currently on probation in Arizona for endangering M.M. (who at one
time lived in Arizona); that during a drug raid on Lopez’s house, police found M.M. sleeping on a
mattress underneath which was a loaded gun; and he has not attended alcohol or drug counseling,
completed a psychological evaluation, or attended domestic violence counseling. The caseworker
and M.M.’s foster mother both testified they believed termination was in M.M’s best interest. We
conclude this evidence is sufficient to support the trial court’s termination order. See Tex. Fam.
Code Ann. §161.001(1)(D), (E), (N), (O), (2).
 
CONCLUSION
            We overrule appellants’ issues on appeal and affirm the trial court’s judgment.
 
Sandee Bryan Marion, Justice